PER CURIAM.
Petitioners seek review by certiorari of an order rendered by the Florida Real Estate Commission finding and adjudging them to be guilty of violating a provision of the Florida Real Estate License Law for which each of their registrations as real estate brokers was suspended for a period of nine months. The principal thrust of the petition challenges the sufficiency of the evidence to sustain the findings and conclusions of the special examiner and the final order of the respondent commission.
*61 By the information filed against him, petitioner Bouchelle was charged with the violation of Section 475.25(1) (a) of the Real Estate License Law[1] by having made misrepresentations and false pretenses and having engaged in dishonest dealings in a business transaction by which he purchased from an owner a parcel of real estate on behalf of himself and petitioner Claude Talley, while representing to the owner that he was acting as a real estate broker purchasing the property for another at a net purchase price to the owner.
By the information filed against him, petitioner Talley was charged with concealment, false pretenses, and dishonest dealings in a business transaction. The information alleges that after having knowledge of the manner in which Bouchelle acquired the real estate in question, Talley negotiated a resale of the property to a purchaser thereof in which he concealed his true ownership interest while at the same time pretending to be carrying on such negotiations for an owner other than himself, all in violation of F.S. Section 475.25(1) (a), F.S.A., supra.
We have carefully examined the record of the proceedings before the special examiner and the commission, and heard oral argument before the court by counsel for the respective parties. The record affirmatively discloses competent and substantial evidence which, when considered in a light most favorable to the prevailing party, amply supports the order here assaulted. We reach this conclusion even though petitioners adduced on their behalf competent evidence which, had it been believed by the special examiner and the commission, would have clearly sustained an exonerating order finding them not guilty of the charges placed against them. It is not the province of this court in a proceeding of this kind to substitute its judgment for that of the commission with respect to the weight to be given conflicting evidence, or the credibility to be accorded conflicting testimony of witnesses who testify at the hearing. On the state of the record before us, petitioners have failed to demonstrate that the commission either abused its discretion or departed from the essential requirements of law in its rendition of the order under attack. The writ of certiorari is accordingly denied and the petition dismissed.
RAWLS, C. J., and WIGGINTON and CARROLL, DONALD K., JJ., concur.

. Section 475.25, F.S.A.
“(1) The registration of a registrant may be suspended for a period not exceeding two years, or until compliance with a lawful order imposed in tlie final order of suspension, or both, upon a finding of facts showing that the registrant has:
ía) Beeu guilty of fraud, misrepresentation, concealment, false promises, false pretenses, dishonest dealing, trick, scheme or device, culpable negligence, or breach of trust in any business transaction, * * * ”