PER CURIAM.
This petition for writ of certiorari arises from a registration suspension proceeding before the Florida Real Estate Commission in which petitioner’s registration as a real estate salesman was suspended for six months.
The Commission found petitioner guilty of fraud, breach of trust, concealment, dishonest dealing in a business transaction, failure to immediately place with his broker a check entrusted to him as agent for his registered broker and collecting money in a real estate transaction in a name other than the name of his registered broker, all in violation of Florida Statutes Sections 475.25 (1) (a), 475.25(1) (d), 475.25(1) (i), and 475.42(1) (d), F.S.A.
The petitioner was employed as a real estate salesman with one John Brennan, a real estate broker. Petitioner secured a listing of certain property owned by Wood-all’s, Inc., which Woodall’s, Inc. desired to lease. The petitioner negotiated a lease between one Lester Stafford and Woodall’s, Inc. On January 7, 1966 the petitioner, Stafford and John Woodall, a principal of Woodall’s, Inc., met at the property to consummate the transaction. The lessee, Stafford, gave petitioner a check for $450.00 for the first and last month’s rent. Said check was payable to "John Brennan, Realtor.” The petitioner endorsed the check “John Brennan, Realtor” and placed his initials “DMP” by the endorsement. The petitioner then gave this check to John Woodall. Woodall then gave the petitioner a check for $150.00 payable to petitioner in payment of the commission on the transaction. This check was prepared by Mr. Woodall prior to the meeting and was made payable to petitioner by John Woodall of his own volition and not at the request or suggestion of petitioner. Petitioner subsequently cashed this check at a market. Shortly thereafter petitioner was married and departed on a two-week honeymoon. Under the terms of his employment contract with Brennan, the petitioner was entitled to 60 per cent of the commission or $90.00, and Brennan was entitled to 40 per cent or $60.00.
The $450.00 check from Stafford to John Woodall was subsequently returned for insufficient funds. Mr. Woodall then approached Mr. Brennan concerning the $150.00 commission which had been paid. Apparently, this was the first time Brennan was aware of the closing of the transaction or the commission payment. Upon return from his honeymoon, petitioner along with Woodall made repeated efforts to have Stafford honor the $450.00 check. After these attempts failed, petitioner reimbursed Woodall for the full amount of the commission, $150.00. Since the $450.00 check was dishonored and no rent was ever collected, no commission was actually earned and no amount due Brennan. The net result of these transactions was that Woodall was reimbursed the $150.00 he paid as a commission, and petitioner and Brennan received nothing.
We find that although there may have been sufficient competent evidence to support a finding that Florida Statutes Sections 475.25(1) (d), 475.25(1) (i) and 475.42 (1) (d), F.S.A. were violated, said violations were of a technical nature only. The record shows that petitioner was not attempting to cheat or defraud any one, and it further shows that no person was hurt or prejudiced by petitioner’s actions. This *357 case is very similar to Brod v. Jernigan, Fla.App.1966, 188 So.2d 575, 581, wherein this court stated:
“We hold that the Commission’s order on the Second Count was supported by competent substantial evidence, but only in the strict, technical sense and involving only one isolated item. It did not relate, or even tend to relate to any dishonest or fraudulent acts or conduct on the part of defendant in his real estate dealings with the public. * * *
“Chapter 475 vests in the Florida Real Estate Commission a broad discretionary power and authority to supervise the privileged business of real estate broker and to deal firmly with those engaged in it, even to the point of taking away their means of livelihood by revocation or suspension of license. But such potent administrative weapons must always be reasonably and cautiously, and even sparingly, utilized. The administrative processes of the Commission should be aimed at the dishonest and unscrupulous operator, one who cheats, swindles, or defrauds the general public in handling real estate transactions. Here the $100 Young deposit was not misappropriated, or dissipated, or lost; and no one was hurt or prejudiced thereby. * * *
“ ‘ * * * Disciplinary proceedings under this chapter are for the primary purpose of protecting the general public from unscrupulous or dishonest real estate operators V (Emphasis supplied.) [1] * *
“ * * * The record discloses, at best, only a technical violation by defendant under Count Two, with extenuating circumstances. In our opinion, a suspension of license or registration is not compatible with the violation disclosed * *
The writ of certiorari is granted, and the Florida Real Estate Commission’s final order dated May 15, 1967, suspending petitioner’s registration for six months, is quashed, and the Commission is directed to enter a substitute order imposing upon petitioner a reprimand.
LILES, C. J., and PIERCE and HOB-SON, JJ., concur.

. Quoted from Horne v. Florida Real Estate Commission, Fla.App.1964, 168 So.2d. 515, 517.