PER CURIAM.
The petitioner seeks review by certiorari of a final order of the Florida Real Estate Commission suspending his registration as a real estate broker for a period of six months.
The petitioner was adjudged guilty on a two-count information. In count one he was charged with having violated certain provisions of Chapter 475, Fla.Stat., F.S.A., in that he had negotiated a real estate transaction when he was not the holder of a current, valid registration certificate- as a real estate broker and had collected a two hundred dollar earnest money deposit in his own name.[1] Count two charged the petitioner with concealment, breach of trust, dishonest dealing in a business transaction, and violating a duty imposed upon him by law in failing to advise or otherwise reveal to his employer that he had negotiated such alleged transaction.[2]
The petitioner filed an answer to the information in which he admitted the basic facts of the transaction but denied that he was guilty of any of the alleged violations. His answer alleged in effect that he was a registered real estate broker, and not a registered real estate broker-salesman, at the time he represented himself as a real estate broker and negotiated the particular transaction. He further denied that he was in the employ of South Dade Realty Inc. at the time in question.
A hearing examiner heard the testimony and evidence of the parties; thereupon, he made his findings of fact, conclusions of law and subsequently recommended his order to the respondent commission. The petitioner filed his exceptions to the findings and conclusions of law in the examiner’s recommended order.
Upon final hearing, the commission adopted the recommended order of the *316 hearing examiner, based upon his findings of facts as modified and amended by the commission, and his conclusions of law. The commission’s final order states, in pertinent part, that:
“ ‘At all times material hereto the defendant was a registered real estate broker of the Florida Real Estate Commission and that between June 30, 1966, and April 24, 1967, was the holder of a registration certificate from the Commission as a salesman in the employ of registered corporate-broker South Dade Realty, Inc. The defendant on April 23, 1967, while in the employ of the said corporate-broker, as a salesman, acted as a broker.’
“(b) The last sentence of the Findings of Fact of the Examiner on page two of the Recommended Order is hereby modified and corrected to read: ‘His application for change of his registration certificate from ‘broker-salesman’ to ‘broker’ together with his broker-salesman certificate, was mailed at Miami to the Florida Real Estate Commission on or about April 22, 1967, which application in proper form with the necessary fee was received by the Florida Real Estate Commission on April 24, 1967.’
“(c) The Conclusion of Law on page three of the Examiner’s Recommended Order reads: ‘The defendant was in the process of changing his status from that of a ‘broker-salesman’ to that of a ‘broker’ is modified and corrected to read: ‘The defendant was in the process of changing his registration certificate from that of a ‘broker-salesman’ to that of a ‘broker’.”
“The Commission makes the following additional findings of fact:
“(a) On April 23, 1967, the .defendant, while in the employ of South- Dade Realty, Inc., a registered corporate-broker, was assigned to sit on a model home for said corporate-broker. While so employed and sitting, Merrill R. Lewis contacted the defendant relative to the purchase of a home. On said date the defendant showed Lewis real property not listed with his employer and owned by Arthur Scateni and Marilyn D. Scateni, his wife. On said date the defendant represented himself to Mrs. Scateni and Lewis that he was a registered real estate broker, at said time the defendant was not the holder of a registration certificate as a real estate broker. After showing the property to Lewis the defendant returned to the model home with Lewis and prepared a Deposit Receipt Contract, whereby Lewis offered to purchase the said property for $17,500 with a $200 deposit. At the time of the execution of the contract by Lewis the defendant accepted the deposit in the form of a check in the amount of $200 payable to Ralph H. Thomas Escrow Account. The deposit was receipted for by the defendant as a broker in his own name on the Deposit Receipt Contract form without the knowledge or consent of his registered employer.
“(b) Although said Deposit Receipt Contract form and the check bear dates of April 24, 1967, they were prepared and signed by the defendant and Lewis on April 23, 1967.
“(c) The said Deposit Receipt Contract was presented by the defendant on April 24, 1967 to Mrs. Scateni who accepted the same after being subsequently increased by Lewis to $17,700.
“(d) The defendant did not advise or otherwise reveal to said registered employer on April 23, 1967 or thereafter that he had negotiated said contract, nor did he deliver the earnest money deposit to his said registered employer.
“(e) The transaction was subsequently closed and the defendant received all of the commission thereon. None of the said commission was ever paid to South Dade Realty, Inc. by the defendant, Mr. Cadman, the active-firm-member of South Dade Realty, Inc., learned of the transaction from Scateni and advised her *317 that South Dade Realty, Inc. would not claim a commission against the Scatenis.
“IT IS THEREUPON ORDERED that the Defendant’s Exceptions to the Examiner’s Recommended Order be, and the same are hereby overruled.
“IT IS FURTHER ORDERED that the Examiner’s Recommended Order as corrected and supplemented by the above be, and the same is .hereby adopted as the order of the Commission.
“IT IS FURTHER ORDERED that the defendant be, and he is hereby, adjudged guilty of operating as a broker without being the holder of a current valid registration certificate as a broker contrary to Subsection 475.42(1) (a) and 475.42(1) (b), and is guilty of collecting an earnest money deposit in connection with a real estate brokerage transaction in his own name contrary to subsection 475.42(1) (d), all in violation of subsection 475.25(1) (d), Florida Statutes, as charged in Count One of the Information.
“IT IS FURTHER ORDERED that the defendant be, and he is hereby, adjudged guilty of concealment, breach of trust, dishonest dealing in a business transaction, and violating a duty imposed upon him by law in a real estate transaction in violation of subsection 475.25 (1) (a), Florida Statutes, all as charged in Count Two of the Information.
“IT IS FURTHER ORDERED that for such violations the registration of the defendant be, and it is hereby, suspended for a period of six (6) months, the said period of suspension to commence upon the effective date of this order, as provided by law.”
Petitioner contends that there was not competent, substantial evidence to support the commission’s findings and order and that they are not in accord with the essential requirements of law.
From our review of the evidence upon which the commission based its final order, we have concluded that the commission did have before it competent, substantial evidence to support its findings and order that the petitioner was guilty of the violations charged in the information; and further, that the essential requirements of law were met. However, we think the record discloses only technical violations by the petitioner, with extenuating circumstances.
The evidence shows that Mr. Thomas was a registered real estate broker at the time he requested the commission to change his registration to that of broker-salesman in the employ of South Dade Realty, Inc. The commission effected the change in his status as requested and for several months thereafter, Thomas was associated with South Dade as a broker-salesman. On Saturday, April 22, 1967, he mailed an application in Miami to the commission in Winter Park, Florida, for a change in his status from broker-salesman back to broker. This application was received and acted upon by the commission on the following Monday, April 24. Mr. Thomas testified that he endeavored to deliver his letter of resignation to Mr. Cadman, the President of South Dade Realty, Inc. on April 22, the same day he applied for reissuance of his broker’s certificate. Mr. Cadman was not actually reached, so Thomas instead left his letter of resignation at the office of South Dade Realty, Inc. Mr. Cadman discovered the letter on the following Monday morning and notified the commission that Thomas had severed his connection with his office.
The transaction complained of took place on Sunday, April 23, after the letter of resignation had been delivered by Thomas to his employer’s office and after he had applied for reissuance of his broker’s certificate.
Mr. Thomas took the position that he was entitled to act as a broker on Sunday, April 23, since he had mailed his application for a broker’s certificate and left his letter of resignation at the office of his employer on the previous day.
*318 In our opinion, the suspension of his broker’s registration certificate for a period of six months is too harsh a penalty, under the circumstances, for the violations which he was found to have committed.[3]
The authority of this court to quash the order of the commission under review and to direct the entry in its stead of a specific order, has been expressly upheld in Florida Real Est. Comm. v. Rogers, Fla.1965, 176 So.2d 65.
The writ of certiorari is granted and that part of the order of the commission which suspended the registration of the petitioner for a period of six months is quashed and the commission is directed to enter a substitute order imposing a reprimand. The remainder of the order is approved and stands undisturbed.
It is so ordered.

. Fla.Stat. §§475.25(1) (a), 475.42(1) (d), F.S.A.

. Fla.Stat. § 475.25(1) (a), F.S.A.

.See Peck v. Fla. Real Est. Comm., Fla. App.1967, 204 So.2d 355; Brod v. Jernigan, Fla.App.1966, 188 So.2d 575, both holding that a technical violation, as disclosed by the record, did not justify so harsh a penalty as suspension of the petitioner’s license.