420 So.2d 331 (1982)
UTILITIES, INC., OF FLORIDA, Appellant,
v.
FLORIDA PUBLIC SERVICE COMMISSION, Appellee.
No. AE-394.
District Court of Appeal of Florida, First District.
September 22, 1982.
R.M.C. Rose and Martin S. Friedman of Myers, Kaplan, Levinson, Kenin & Richards, Tallahassee, for appellant.
Susan F. Clark, Associate Gen. Counsel, Fla. Public Service Com'n, Tallahassee, for appellee.
OWEN, WILLIAM C., Jr.
Appellant, a regulated utility, having applied unsuccessfully to the Public Service Commission (PSC) for a rate increase, seeks judicial review of the agency's final order denying the application after formal proceedings were conducted by a hearing officer pursuant to Section 120.57, Florida Statutes (1981). Applying the standards of judicial review established by and enunciated in McDonald v. Department of Banking and Finance, 346 So.2d 569 (Fla. 1st DCA 1977), we affirm.
Of the several issues submitted to the hearing officer, the only one with which we are concerned was the determination of a fair and proper rate of return on equity capital. On that subject there was conflicting opinion testimony. The hearing officer's findings of fact (as contained in the recommended order) outlined the method of calculation which each of the two expert witnesses used as the basis of his respective opinion as to a fair rate of return on equity capital. The petitioner's expert witness, Mr. Cohen, utilized three methods of calculation, resulting in a range from 18.4 percent to 20.7 percent, with an average of 19.27 percent. The PSC's expert witness, Mr. Gollahon, a member of the PSC staff, utilized a different method and, taking into account many factors different from those used by Mr. Cohen, arrived at an opinion of 16 percent return on equity capital, with permission to fluctuate plus or minus 1 percent. In that portion of the recommended order entitled "conclusions of law," the hearing officer stated (with reference to the rate of return on equity capital) the following:
The remaining issue is the appropriate return or cost that is to be placed on equity capital. The petitioner, through the testimony of Stanley L. Cohen, presented competent evidence as to three methods of calculation it used, and then took an averaging approach to arrive at a figure of 19.63% as a cost of equity. The respondent did not cross-examine petitioner's witness. Instead, the respondent presented the testimony of James Gollahon who used other methods of deriving a cost of equity capital. Insufficient evidence was produced by the respondent to clearly illustrate that the petitioner's calculations or methods of arriving at a reasonable rate of return were erroneous. The undersigned concludes that the petitioner has presented competent, substantial evidence that a return of 19.63% on equity capital would be fair.
*332 The Public Service Commission approved the Hearing Officer's recommended order except as to the conclusion of law relating to the appropriate return on equity. As to that item the agency order stated, "We are unable to find in the record a basis for the 19.63% return on equity which the Hearing Officer recommended and, therefore, reject it."[1] The agency order then proceeded to explicate in detail the weaknesses which it found in the calculations made by Mr. Cohen[2] and the reasons why the calculations used by Mr. Gollahon and his conclusions based thereon, were felt to be more reliable.[3] The Agency concluded that a return of 16 percent on equity was fair and just.
If the quoted portion of the Hearing Officer's recommended order is, indeed, a "conclusion of law" as denominated in the recommended order, then the Agency clearly had the authority, under Section 120.57(1)(b)9., Florida Statutes (1981), to reject or to modify the conclusions of law in the recommended order. If, however, the hearing officer's reference to a 19.63% return is essentially a finding of fact (both parties to this appeal have treated it as though it were),[4] the PSC properly rejected it and substituted its own findings for the reasons set out below.
Appellant contends that (1) Section 120.57(1)(b)9., Florida Statutes (1981), does not permit an administrative agency the luxury of reversing the findings of fact of the hearing officer unless it "determines from a review of the complete record, and states with particularity in the order, that the findings of fact were not based upon competent substantial evidence,"[5] and (2) the testimony of its expert witness, Mr. Cohen, met the test of competent, substantial evidence as defined in Duval Utility Co. v. Florida Public Service Commission, 380 So.2d 1028 (Fla. 1980) and DeGroot v. Sheffield, 95 So.2d 912 (Fla. 1957). The argument, though compelling, is one which we know from McDonald v. Department of Banking and Finance, supra, must be reconciled with the countervailing argument that Section 120.68(10), Florida Statutes places on the reviewing court the responsibility to sustain the agency's findings of fact if supported by competent substantial evidence. Aptly describing the result as a "conundrum," the McDonald court held that it could reconcile the potentially conflicting statutory demands by adopting the standard of judicial review approved for Federal administrative agencies in Universal Camera Corp. v. NLRB, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951). In explanation, Judge Smith's opinion then went on to state, at page 579:
In determining whether substantial evidence supports the agency's substituted *333 findings of fact, a reviewing court will naturally accord greater probative force to the hearing officer's contrary findings when the question is simply the weight or credibility of testimony by witnesses, or when the factual issues are otherwise susceptible of ordinary methods of proof, or when concerning those facts the agency may not rightfully claim special insight... .
At the other end of the scale, where the ultimate facts are increasingly matters of opinion and opinions are increasingly infused by policy considerations for which the agency has special responsibility, a reviewing court will give correspondingly less weight to the hearing officer's findings in determining the substantiality of evidence supporting the agency's substituted findings... .
Thus, the substantiality of evidence supporting an agency's substituted finding of fact depends on a number of variables: how susceptible is the factual issue to resolution by credible witnesses and other evidence, how substantially the hearing officer's discarded findings are supported by such evidence, how far the factual issue tends to be one of opinion, how completely agency policy occupies a field otherwise open to different opinion. Judicial review of the Department's substituted findings of fact is therefore inseparable from review of agency "determinations of ... policy within the agency's exercise of delegated discretion." Section 120.68(7).
The factual issue with which the PSC was concerned, i.e., the fair and proper rate of return on equity capital for a utility of the type and size of appellant, was not one susceptible to ordinary methods of proof; instead it was essentially a matter of opinion which necessarily had to be infused by policy considerations for which the PSC has special responsibility. There was no question of either qualification or credibility per se of the expert witnesses. Rather, an analysis of the methods by, and the basis upon, which the experts had reached their respective opinions, was required to be made, a matter particularly within the range of the agency's putative expertise and specialized experience.
The final order in this case, in accordance with the requirement explicated in McDonald, supra, sets forth in detail the agency's rationale for substituting its findings for those of the hearing officer, addressing and answering the countervailing views of the hearing officer's recommended findings. The agency's substituted findings being supported by competent substantial evidence measured by McDonald standards, the agency's order is entitled to be and is, affirmed.
AFFIRMED.
MILLS and WENTWORTH, JJ., concur.
NOTES
[1] While not in the precise language of Section 120.57(1)(b)9., Florida Statutes, we take this to be agency determination that the hearing officer's findings were not based upon competent substantial evidence.
[2] For example, the Agency noted that Mr. Cohn had (a) relied largely on the current high level of interest rates without taking into consideration the wide fluctuation such rates had been undergoing, (b) inappropriately factored in the rate for Ba bond rather than a Baa bond, and (c) in using the discounted cash flow method had overstated the earning growth rate.
[3] For example, the Agency felt that its staff witness reached a more nearly accurate result because he (a) made a comparable earnings analysis and market analysis of both utilities and unregulated companies in which he applied certain techniques to "levelize" the highs and lows that are expected to occur in the future, (b) computed a risk factor using linear and exponential regression calculations to indicate the upward trend in debt costs resulting in a risk factor less than that used by Mr. Cohen who had subtracted the embedded cost of debt rather than the current cost of debt from the allowed equity returns, and (c) had used two designated test groups which the Agency felt to give a more reliable result in making the comparable earnings approach.
[4] Cf. Hernicz v. Department of Professional Regulation, 390 So.2d 194 (Fla. 1st DCA 1980) (misplacement of a conclusion of law in the findings-of-fact section of an administrative order did not change the conclusion of law into a finding of fact).
[5] Although technically there was no evidence to pinpoint 19.63% as a fair rate of return on equity capital, nor was it the average to which Mr. Cohen testified, the figure was within the range to which Mr. Cohen testified, i.e., 18.4% to 20.7%.