423 So.2d 431 (1982)
Patricia M. LEAPLEY, Appellant,
v.
BOARD OF REGENTS, FLORIDA STATE UNIVERSITY SYSTEM, and the Public Employees Relations Commission, Appellees.
No. AK-278.
District Court of Appeal of Florida, First District.
November 24, 1982.
Rehearing Denied January 4, 1983.
John J. Chamblee, Jr., of Chamblee & Miles, Tampa, for appellant.
Gregg A. Gleason, Associate Gen. Counsel, Bd. of Regents, Tallahassee, for appellees.
McCORD, Judge.
Patricia M. Leapley appeals from an order of the Public Employees Relations Commission (PERC) dismissing her unfair labor *432 practice charges against the Board of Regents, Florida State University Systems (BOR). We reverse.
On May 14, 1980, Leapley was informed that her employment contract as Operational Program Coordinator for the Diabetes Center at the University of South Florida School of Medicine would not be renewed when it expired on June 30, 1980. When she sought to pursue her grievance through the collective bargaining agreement between BOR and the United Faculty of Florida (UFF), she was advised she could not use that procedure because she was not deemed a member of the UFF bargaining unit. She was also advised that it was too late to file a grievance under the State University Grievance Procedure. In the administrative hearing before the hearing officer Leapley contended that her position was within the UFF's bargaining unit by virtue of United Faculty of Florida v. Board of Regents, 2 FPER 50 (1956). BOR, on the other hand, argued that her position had been extracted from that bargaining unit by a subsequent order, University of South Florida College of Medicine Faculty Association, Inc. and Florida Board of Regents and United Faculty of Florida, 4 FPER 4244 (1978). The hearing officer concluded that she was within the UFF's bargaining unit; however, PERC disagreed, finding that a subsequent order excluded her from that unit.
The issue of whether Leapley is a member of one bargaining unit or another is essentially a factual determination based upon the circumstances of the case. See also Duval County School Board v. Florida Public Employees, 353 So.2d 1244 (Fla. 1st DCA 1978). Thus, the determinative question is whether there is competent substantial evidence to support the hearing officer's conclusion that she was, in fact, a member of the UFF-BOR bargaining unit. § 120.57(1)(b)9, Fla. Stat. Clearly, PERC's conclusions are in irreconcilable conflict with the hearing officer's ultimate finding that Leapley is within the ambit of the UFF-BOR bargaining unit.
While the hearing officer chose not to mask his ultimate finding as wholly a finding of fact and instead referred to it as "analysis," we believe that the essentially factual conclusion of that analysis should control. In McDonald v. Dept. of Banking and Finance, 346 So.2d 569, 579 (Fla. 1st DCA 1977), this Court said that the hearing officer's finding on an issue should control to the extent that issue was "simply the weight or credibility of testimony by witnesses," or was determinable "by ordinary methods of proof," or was in a factual realm concerning which "the agency may not rightfully claim special insight." On the other hand, where the "ultimate facts are increasingly matters of opinion and opinions are increasingly infused by policy considerations for which the agency has special responsibility," this Court will stand by the agency's substituted finding. Id.; School Bd. of Leon County v. Hargis, 400 So.2d 103 (Fla. 1st DCA 1981). We conclude that this issue of whether Leapley was a member of the UFF bargaining unit relates simply to the weight and credibility of testimony, was determinable by ordinary methods of proof, and was in a factual realm concerning which PERC may not rightfully claim special insight. Compare City of Umatilla v. Public Employees Relation Commission, 422 So.2d 905 (Fla. 5th DCA 1982) with Utilities, Inc. v. Florida Public Service Comm., 420 So.2d 331, (Fla. 1st DCA 1982). As such, PERC had no power to reject or modify the hearing officer's findings of fact unless it first determined that the findings were not based on competent, substantial evidence or that the proceedings in which the findings were based did not comply with the essential requirements of law. § 120.57(1)(b)9, Fla. Stat. Further, PERC may not avoid that responsibility by merely labeling contrary findings "conclusions of law." School Board of Leon County v. Hargis, supra. Here, the evidence and inferences to be derived therefrom was simply conflicting, some tending to support BOR's position, the overwhelming weight tending to support Leapley's position. Accordingly, since our *433 review of the record indicates that the hearing officer's conclusions are supported by competent, substantial evidence, we reverse PERC's order and remand with directions that the hearing officer's order and recommendation be adopted in toto.
BOOTH and WENTWORTH, JJ., concur.