474 So.2d 841 (1985)
H. Ernest MORRIS, Sr., Appellant,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, et al., Appellee.
No. 84-1079.
District Court of Appeal of Florida, Fifth District.
August 1, 1985.
Rehearing Denied August 27, 1985.
*842 W.C. Hutchison, Jr. of Hutchison & Mamele, Sanford, for appellant.
James R. Mitchell, Contract Atty., Dept. of Professional Regulation, Div. of Real Estate, Orlando, for appellee.
SHARP, Judge.
Morris appeals from an order of the Florida Real Estate Commission which suspended his real estate license as a broker for one year, pursuant to section 475.25, Florida Statutes (1983). He argues the commission erred by substituting its finding of fraud on Morris' part for that of a Department of Professional Regulation hearing officer. We agree and reverse.
In this case, the department filed an administrative complaint charging Morris with violating section 475.25(1)(b), Florida Statutes:
(1) The commission may deny an application for licensure, registration, or permit, or renewal thereof; may suspend a license or permit for a period not exceeding 10 years; may revoke a license or permit; may impose an administrative fine not to exceed $1,000 for each count or separate offense; and may issue a reprimand, or any or all of the foregoing, if it finds that the licensee, permittee, or applicant:
* * * * * *
(b) Has been guilty of fraud, misrepresentation, concealment, false promises, false pretenses, dishonest dealing by trick, scheme, or device, culpable negligence, or breach of trust in any business transaction in this state or any other state, nation, or territory; has violated a duty imposed upon him by law or by the terms of a listing contract, written, oral, express, or implied, in a real estate transaction; has aided, assisted, or conspired with any other person engaged in any such misconduct and in furtherance thereof; or has formed an intent, design, or scheme to engage in any such misconduct and committed an overt act in furtherance of such intent, design, or scheme. It is immaterial to the guilt of the licensee that the victim or intended victim of the misconduct has sustained no damage or loss; that the damage or loss has been settled and paid after discovery of the misconduct; or that such victim or intended victim was a customer or a person in confidential relation with the licensee or was an identified member of the general public.
The complaint alleged that Morris had written a check on an account with insufficient funds for a deposit for the purchase of land, stopped payment, and refused to make good on it. It alleged Morris was "guilty of fraud, misrepresentation, concealment, false promises, dishonest dealing by trick, scheme or device, culpable negligence and breach of trust in a business transaction in violation" of section 475.25(1)(b) by that action.
*843 The facts in the record were in bitter conflict. The hearing officer resolved most of them in favor of the department. He found that Morris entered into a contract to purchase real property, for his own purposes, and that Morris was unconditionally obligated for the deposit. Morris gave the seller's representatives a check for the $37,500.00 required deposit written on an account which he knew contained at that time insufficient funds.
With regard to fraud in the issuance of the check, the hearing officer specifically found:
He [Morris] made a successful bid on a rather substantial tract of land, gave a deposit in the amount of $37,500.00 without having funds in his bank to cover same, decided to back out of the deal, and then stopped payment on this check. The fact that insufficient funds were in his bank account when the check was drawn is immaterial for the check was tendered on a Saturday, and had he intended to follow through on the transaction, he could have deposited, and indeed had access to, sufficient funds the following Monday morning to cover the same.
The hearing officer concluded that although Morris might be civilly liable for the deposit,[1] "there is no evidence that Morris entered into the transaction with any dishonest or illicit intent, or with the desire to misrepresent any material fact to the seller." The commission accepted the hearing officer's findings of fact, but it concluded that Morris' issuance of a check drawn on insufficient funds constituted a violation of section 475.25(1)(b) as a matter of law. We disagree.
Passing a worthless check may be probative of a finding of fraudulent intent. See Santeniello v. Department of Professional Regulation, 432 So.2d 82 (Fla. 2d DCA), review denied, 438 So.2d 832 (Fla. 1983); see also Peck v. Florida Real Estate Commission, 204 So.2d 355 (Fla. 2d DCA 1967). But it clearly is not determinative of fraud, as a matter of law. The finding of absence of fraudulent intent in this case is a finding of fact. See generally 27 Fla.Jur.2d, Fraud and Deceit §§ 41, 42 (1981); see also School Board of Leon County v. Hargis, 400 So.2d 103 (Fla. 1st DCA 1981) (the question of motive is one of fact); Bouchelle v. Florida Real Estate Commission, 188 So.2d 60 (Fla. 1st DCA 1966), cert. dismissed, 200 So.2d 806 (Fla. 1967); cf. Kout v. Department of Professional Regulation, 405 So.2d 435 (Fla. 3rd DCA 1981). Similarly, the other grounds alleged by the complaint all require a finding of wrongful intent or scienter, which the hearing officer found was absent in this case.
While this court must not substitute its findings of fact for those of the commission,[2] neither should the commission substitute its findings for those found by the hearing officer.[3] An administrative agency "may not avoid" the responsibility of honoring a hearing officer's findings of fact, "by merely labeling contrary findings `conclusions of law.'" Leapley v. Board of Regents, 423 So.2d 431, 432 (Fla. 1st DCA 1982).
Because of the conflicting testimony in the record in this case, had the hearing officer found fraud, this finding would *844 probably also have to be accepted by the commission. But, the commission cannot substitute its interpretation of the disputed facts for those of the hearing officer, who personally heard the evidence, and was in the position to evaluate the testimony and determine credibility of the witnesses. City of Umatilla v. Public Employees Relations Commission, 422 So.2d 905 (Fla. 5th DCA 1982), review denied, 430 So.2d 452 (Fla. 1983); Kibler v. Department of Professional Regulation, 418 So.2d 1081 (Fla. 4th DCA 1982).
Accordingly, we quash the commission's order and reinstate the findings of the hearing officer.
ORDER QUASHED.
DAUKSCH and ORFINGER, JJ., concur.
NOTES
[1] The hearing officer also concluded there was no liability under section 475.74(1)(b) for mere breach of contract. He relied upon Fleischman v. Dep't of Professional Regulation, 441 So.2d 1121 (Fla. 3rd DCA 1983), review denied, 451 So.2d 847 (Fla. 1984). However, that case involved a different subsection viz section 475.25(1)(d), with very different wording from (1)(b). We do not need to reach the question of whether breach of a contractual duty alone would constitute a violation of section 475.25(1)(b) in this case, because that is not the substance of the charges alleged against Morris, nor does the commission take this view of section 475.25(1)(b) on appeal.
[2] Glover v. Sanford Child Care, 429 So.2d 91 (Fla. 5th DCA 1983); Flagler County Sheriff's Dep't v. Florida Dep't of Labor and Sec., 421 So.2d 1107 (Fla. 5th DCA 1982).
[3] § 120.57(1)(b)(9), Fla. Stat. (1983); see Leapley v. Board of Regents, 423 So.2d 431 (Fla. 1st DCA 1982); McDonald v. Dep't of Banking and Fin., 346 So.2d 569 (Fla. 1st DCA 1977).