478 So.2d 1116 (1985)
Louis A. AYALA, Appellant,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, Appellee.
No. BF-7.
District Court of Appeal of Florida, First District.
November 13, 1985.
Loren H. Cohen and Kogen & Kogen, P.A., Miami, for appellant.
Cecilia Bradley, Dept. of Professional Regulation, Tallahassee, for appellee.
ZEHMER, Judge.
Louis A. Ayala, a physician, appeals a final order of the Department of Professional Regulation (DPR) suspending his medical license for three months and placing him on probation for five years as a result of his nolo contendere plea to criminal charges in a collateral criminal action. We reverse and remand for further proceedings.
On May 16, 1984, DPR filed an administrative complaint against appellant alleging that on or about March 28, 1984, appellant entered a nolo contendere plea in the Circuit Court for Dade County to one count of submitting a false and fraudulent insurance claim and one count of grand theft. The factual basis for the crimes was that appellant submitted bills to Allstate Insurance Company for medical services to a client when such services had not been actually performed. The complaint alleged that appellant's nolo contendere plea was accepted and that he was placed on five years probation, with adjudication withheld. The complaint further stated that appellant was in violation of section 458.331(1)(c), Florida Statutes (1983), which provides that any plea of nolo contendere shall be considered a conviction for purposes of chapter 458, Florida Statutes (1983), regulating the medical profession.[1] The complaint stated that, because appellant was presumed to have been convicted of a crime which related directly to the practice of *1117 medicine or the ability to practice medicine, he was subject to disciplinary action pursuant to section 458.331(2).
Appellant denied the allegations of fact contained in the administrative complaint and requested a formal hearing. He subsequently amended this election by requesting an informal hearing without disputing any allegations of fact in the complaint. On October 13, 1984, an informal hearing was held before the Board of Medical Examiners. DPR established that appellant pled nolo contendere to grand theft and submitting fraudulent insurance claims, that such plea was accepted by the court, and that appellant was placed on probation with adjudication withheld. DPR then rested its case, and appellant presented testimony by his attorney and himself concerning the circumstances surrounding the alleged crimes and the reasons for making the nolo contendere plea. The testimony so adduced showed that appellant had always maintained his innocence of the criminal charges and, further, that he never submitted the fraudulent claim to Allstate but that such bill was submitted by another person. The testimony further showed that appellant considered his nolo contendere plea to be a plea of convenience in order to avoid the hassle and risks involved in a criminal trial. At the conclusion of appellant's presentation, the Board's attorney advised that since appellant had pled nolo contendere to the criminal charges and section 458.331(1)(c) provides that a nolo contendere plea "shall be considered a conviction," appellant was guilty as a matter of law of violating the standards of professional conduct and was thus subject to disciplinary action. The Board adopted this position and simply debated the appropriate punishment to be imposed. During this debate there was substantial discussion of the testimony showing the surrounding circumstances of the nolo contendere plea. The Board members discussed the possibility that appellant was actually innocent and had pled nolo contendere simply as a matter of convenience, but they finally settled on punishment of one year suspension of appellant's license with nine months suspension stayed and probation for five years. Appellant was granted a stay of this final order pending appeal.
Appellant makes two constitutional arguments, (1) that section 458.331(1)(c) violates the separation of powers doctrine in article II, section 3, of the Florida Constitution, because it impermissibly usurps the authority of the Supreme Court to make rules of court, and (2) that section 458.331(1)(c) violates due process and equal protection because it has no rational basis and does not bear a reasonable relation to a permissible legislative objective.
With respect to the first argument, appellant points out that the Supreme Court has established in rules 3.170 and 3.172, Florida Rules of Criminal Procedure, various kinds of pleas available to an accused in criminal proceedings and that the plea of nolo contendere is recognized as one that may be entered simply as a plea of convenience without any collateral implications to the defendant in other civil or criminal proceedings. Chesebrough v. State, 255 So.2d 675, 676-77 (Fla. 1971). The Supreme Court has also provided in rule 3.670 that a trial court may "withhold adjudication of guilt" and place a defendant on probation. A defendant is not considered "convicted" if adjudication of guilt is withheld. Page v. State Board of Medical Examiners, 141 Fla. 294, 193 So. 82 (1940). In view of the fact that, as authorized by the criminal procedure rules, appellant pled nolo contendere and the trial court withheld adjudication and placed him on probation, appellant argues that he was not "convicted" and could not suffer any collateral consequences because of his nolo contendere plea. Thus, appellant argues, because section *1118 458.331(1)(c) purports to convert a nolo contendere plea into a judgment of conviction and attaches collateral consequences to such plea, this section is in effect an amendment to the criminal rules and is violative of the separation of powers doctrine.
Appellant's second argument starts from the premise that a statute satisfies the standards for substantive due process only if it "bears a reasonable relation to a permissible legislative objective and is not discriminatory, arbitrary, or oppressive." State v. Walker, 444 So.2d 1137, 1139 (Fla. 2d DCA 1984). Appellant argues that section 458.331(1)(c) violates these precepts of due process because the presumption that a nolo contendere plea establishes a conviction and violation of the minimum standards of professional conduct, without any consideration of actual culpability, is not reasonably related to the objective of regulating the practice of medicine for the protection of the public. Appellant points out that this statute places a doctor charged with a criminal offense in the precarious position of being required to undertake the risk of a criminal trial and establish his innocence in order to preserve his right to contest disciplinary proceedings. If he chooses to plead nolo contendere to avoid the risk of criminal trial, as was done in this case, he is thereby deprived of the right to defend the charge against him before the Board of Medical Examiners. In the present case appellant contends the Board considered section 458.331(1)(c) to establish a conclusive presumption of guilt by reason of the nolo plea, and considered the reasons, facts, and circumstances surrounding his pleading nolo contendere only in relation to potential mitigation of his punishment. Appellant concludes that this construction of the statute is inconsistent with the Florida Supreme Court's opinion in The Florida Bar v. Lancaster, 448 So.2d 1019 (Fla. 1984). In Lancaster the Court disciplined an attorney who had pled nolo contendere in a criminal proceeding even though adjudication of guilt had been withheld. In reaching this result, the Court emphasized that the attorney did not maintain his innocence as to all the disciplinary charges filed against him and was properly given an opportunity to explain the circumstances surrounding his nolo contendere plea to rebut the implication that he had engaged in prohibited conduct. Appellant argues that the Board of Medical Examiners erred in not considering the circumstances surrounding his nolo contendere plea in rebuttal of the presumption that he stood convicted of a crime and thus he was guilty of the criminal charges forming the basis of this disciplinary action.
Appellant's arguments have caused us to view with substantial concern the constitutional validity of section 458.331(1)(c) as it was construed and applied by the Board of Medical Examiners in this case. The Board construed this section, in effect, as establishing a conclusive presumption of guilt of the underlying criminal charges so that any consideration of the proffered circumstances surrounding appellant's nolo contendere plea and his reasons for entering such plea would be relevant only to potential mitigation of the punishment to be imposed. We do not reach the constitutional arguments, however, because we must first construe section 458.331(1)(c) in any permissible way that will allow it to withstand constitutional attack. Rich v. Ryals, 212 So.2d 641 (Fla. 1968). We find that section 458.331(1)(c) is clearly constitutional by construing the word "shall" in the last sentence of that subsection as permissive rather than mandatory in meaning. Rich v. Ryals, 212 So.2d 641, 643. As so construed, the Board of Medical Examiners may presumptively consider the nolo contendere plea as evidence of a conviction for purposes of chapter 458; however, in accordance with the Supreme Court's opinion in The Florida Bar v. Lancaster, 448 So.2d 1019, the Board must allow appellant the opportunity to rebut this presumption and assert his innocence of the underlying criminal charges by explaining the reasons and circumstances surrounding his plea of nolo contendere, and thereby attempt to convince the Board that he is not guilty of a *1119 crime in violation of the provisions of section 458.331(1)(c). The Board must consider this evidence in deciding appellant's guilt or innocence for purposes of the disciplinary charges. Such explanation may, of course, always be considered in mitigation of punishment if appellant should be adjudicated guilty by the Board.
Because the Board has erroneously construed and applied the pertinent statutory provision in reaching its decision; the final order is reversed and the case is remanded for further proceedings consistent herewith.
REVERSED and REMANDED.
WENTWORTH and BARFIELD, JJ., concur.
NOTES
[1] Section 458.331(1)(c) reads as follows:

(1) The following acts shall constitute grounds for which the disciplinary actions specified in subsection (2) may be taken:
* * * * * *
(c) Being convicted or found guilty, regardless of adjudication, of a crime in any jurisdiction which directly relates to the practice of medicine or to the ability to practice medicine. Any plea of nolo contendere shall be considered a conviction for purposes of this chapter.