WENTWORTH, Judge.
Appellant seeks review of an order by which the Public Employees Relations Commission (PERC) dismissed a representation-certification petition for inclusion in a bargaining unit. We affirm the order appealed.
Appellant filed a representation-certification petition seeking to add various classifications to an existing bargaining unit consisting of Tallahassee Police Department sworn employees with the rank of police officer. Among the classifications which appellant sought to add were communications operators and communications shift supervisors. Evidence was presented before a PERC hearing officer, and a recommended order was entered. This order concluded that communications operators and supervisors share a community of interest with sworn police officers sufficient to be included in the same bargaining unit. The order noted that no extraordinary circumstances existed, and recommended that communications operators and supervisors be certified for an opt-in election for class representation with sworn police officers.
PERC entered a final order which expressly adopted the findings of fact contained in the hearing officer’s recommended order. However, the PERC order determined that communications operators and supervisors do not share a substantial community of interest with sworn police officers. In reaching this conclusion a 10-year history of case law was traced, which initially excluded nonsworn workers from units of sworn officers, but which had more recently included nonsworn dispatchers, based upon an “interdependence of jobs,” Sarasota County PBA v. City of Bradenton, infra. In receding from that recent precedent, PERC noted that section 447.307(4), Florida Statutes,[1] lists various *591 other criteria which should also be considered. The order announced that a full consideration of the governing statutory factors establishes that the nonswom communications classifications in the present case are inappropriate for inclusion in the existing unit of sworn police officers. The representation-certification petition was therefore dismissed.
Section 447.307(4), Florida Statutes, lists various criteria for PERC’s consideration in defining proposed bargaining units; among these criteria is a “community of interest” predicated upon a further consideration of five express statutory factors.[2] One of these factors includes “interdependence of jobs,” and in Sarasota County Police Benevolent Association Inc. v. City of Bradenton, 7 FPER para. 12338 (Aug. 17, 1981), PERC relied heavily upon such interdependence in determining that, absent extraordinary circumstances, police dispatchers are includable in a bargaining unit of sworn police officers. While the recommended order in the present case is in accordance with this precedent, PERC has now expressly receded from this ruling. This “community of interest” determination is a mixed question of fact and law infused by policy considerations and agency expertise in the application of statutory standards.[3] With regard to such issues an agency is not required to defer strictly to determinations expressed in a recommended order. See Public Employees Relations Commission v. Dade County Police Benevolent Association, 467 So.2d 987 (Fla.1985); McDonald v. Department of Banking & Finance, 346 So.2d 569 (Fla. 1st DCA 1977).
Appellant contends that PERC did not adequately explain its revision of established policy, in accordance with the requirements of Florida Cities Water Company v. Florida Public Service Commission, 384 So.2d 1280 (Fla.1980), and McDonald v. Department Banking & Finance, supra. But the appealed order referenced prior decisional history and expressly addressed the Sarasota County ruling, indicating that it had placed excessive emphasis upon the “interdependence of job duties.” Characterizing this factor as “only one of several,” PERC noted that section 447.307(4) requires consideration of other factors, particularly the “community of interest” criteria contained in section 447.307(4)(f). It further explained the basis for the present ruling as the result of an “application of all the governing statutory factors....” PERC’s explication of its reasoning in this regard satisfies the duty imposed by Florida Cities, McDonald, and section 120.68(12)(c), Florida Statutes.
The order appealed is affirmed.
MILLS and NIMMONS, JJ., concur.

. Section 447.307(4), Florida Statutes, provides that:
In defining a proposed bargaining unit, the Commission shall take into consideration:
[[Image here]]
*591 id) Community of interest among the employees to be included in the unit, considering:
1. The manner in which wages and other terms of employment are determined.
2. The method by which jobs and salary classifications are determined.
3. The interdependence of jobs and interchange of employees.
4. The desires of the employees.
5. The history of employee relations within the organization of the public employer concerning organization and negotiation and the interest of the employees and the employer in the continuation of a traditional, workable, and accepted negotiation relationship.

. Ibid.

. In Leapley v. Board of Regents, Florida State University System, 423 So.2d 431 (Fla. 1st DCA 1983), it was held that the issue of whether a particular worker is a member of one bargaining unit or another is essentially a factual determination. But unlike Leapley, the present case involves the question as to whether an employment class shares a community of interest with, so as to be proper for inclusion in, a bargaining unit representing another class. It is this ultimate issue which invokes agency policy and expertise.