501 So.2d 129 (1987)
Ralph KINNEY, Appellant,
v.
DEPARTMENT OF STATE, DIVISION OF LICENSING, Appellee.
No. 85-1658.
District Court of Appeal of Florida, Fifth District.
January 22, 1987.
*130 Henry P. Duffett, of Duffett, Seps and Akers, Ormond Beach, for appellant.
James V. Antista, Senior Atty., Dept. of State, Tallahassee, for appellee.
ORFINGER, Judge.
Kinney appeals from a final agency order overruling the hearing officer's recommendation that the charges against him be dismissed, and adjudicating him guilty of a violation of section 493.319(1)(j), Florida Statutes (1983).[1] We reverse.
*131 The administrative complaint filed by appellee sought to revoke Kinney's Class "A" private investigative agency license and his Class "C" private investigator license on the basis that he "was arrested September 9, 1982 for Attempted Murder, pled no contest to aggravated battery and was sentenced to five years probation which violates Section 493.319(1)(j), Florida Statutes." From uncontroverted testimony presented at the hearing, the hearing officer found these pertinent facts:
(3) Records of the Circuit Court for Volusia County Florida reflect that Respondent was arrested on September 9, 1982 by the Ormond Beach, Florida Police Department and charged with Attempted Murder. The State Attorney For The Seventh Judicial Circuit, by Information dated September 22, 1982, charged the Respondent with Attempted First Degree Murder and Aggravated Battery. By Order of August 10, 1982, the Circuit Court of Volusia County, Florida, accepted the Respondent's plea of nolo contendere to the charge of Aggravated Battery, a Second Degree Felony. The Court withheld adjudication of guilt and placed the Respondent on probation for a period of 5 years.
* * * * * *
(5) The circumstances that led up to Respondent's arrest on September 9, 1982 were domestic in nature: The Respondent objected to a relationship that had developed between his 12-year-old daughter, Vicky, an eighth grade student, and Thomas Parker, (Parker) a 17-year-old boy, about a year before the shooting incident on September 9, 1982. The Respondent came to disapprove of Parker because of Respondent's view that Parker was too old for his daughter, did not go to work or school, had no parental supervision or discipline, and was of dubious character and reputation. Respondent's efforts to terminate the relationship were frustrated. Respondent became convinced that Parker had introduced his daughter to sex, alcohol and the use of marijuana and other drugs. Respondent forbade his daughter from seeing Parker but the relationship continued and caused friction and tension within the family. Within a year, Vicky went from an "A" student to a "drop-out."
* * * * * *
(7) During the evening of September 8, 1982, Respondent and his wife, Louise Kinney, discovered that Vicky was missing from her bedroom. Respondent reported this to the Ormond Beach Police Department because he thought Vicky had run away and was in the accompany [sic] of Parker.
(8) Sometime between 3:00 and 3:30 a.m. on September 9, 1982, Respondent heard someone at Vicky's bedroom window and went outside to "check it out" with a .357 magnum pistol, a metal baseball bat and a flashlight. Respondent found Parker and a friend helping Vicky into her bedroom window. When Parker and his friend saw Respondent they ran and Respondent gave chase. While chasing Parker, Respondent tripped over a vent pipe to a storage tank and the pistol discharged hitting Parker in the lower back. Respondent's testimony that he did not intend to shoot Parker and that the shooting was accidental went unrebutted. These comments are consistent with Respondent's explanation to the police officers called to the scene of the shooting and consistent with his comments to Dr. Barnard, a psychiatrist. Respondent's testimony that it was his intent to only hold Parker at the scene *132 for the police so that Respondent could charge Parker with trespassing and possibly relieve a bad situation at home went unrebutted. Neither Parker nor his friend were armed.
In his recommended order, the hearing officer further found:
Without objection from the Respondent, Petitioner called Respondent as a witness to testify to the underlying facts leading up to the Respondent's arrest. Considering the Respondent's testimony, no other witnesses testified to the underlying facts, and the documentary evidence presented by the petitioner, the evidence is insufficient to show the necessary intent required under Sections 784.03(1)(a)(b) and 784.045(1)(a)(b), Florida Statutes (1981) to prove Respondent committed an aggravated battery on September 9, 1982.
Although the hearing officer submitted this last finding under the heading of "Conclusions of Law," the question of intent as an element of a criminal charge is a question of fact. Groover v. State, 82 Fla. 427, 90 So. 473 (Fla. 1921); Harris v. State, 415 So.2d 135 (Fla. 5th DCA 1982); State v. J.T.S., 373 So.2d 418 (Fla. 2d DCA 1979). Thus the hearing officer's finding that the evidence was insufficient to show criminal intent was a finding of fact, not a conclusion of law. Based on these findings, the hearing officer concluded that appellant was not guilty of the violations charged, and recommended that the administrative complaint be dismissed.
Although an agency may reject or modify the conclusions of law and interpretation of administrative rules of the hearing officer, it may not reject or modify findings of fact where those findings of fact are based on competent substantial evidence. § 120.57(1)(b)(9), Fla. Stat. (1985); Morris v. Dept. of Professional Regulation, 474 So.2d 841 (Fla. 5th DCA 1985); Clark v. Dept. of Professional Regulation, 463 So.2d 328 (Fla. 5th DCA), rev. denied, 475 So.2d 693 (1985). Erroneously labeling what is essentially a factual determination a "conclusion of law," whether by the hearing officer or the agency does not make it so, and the obligation of the agency to honor the hearing officer's findings of fact may not be avoided by categorizing a contrary finding as a "conclusion of law." Morris; Leapley v. Board of Regents, 423 So.2d 431 (Fla. 1st DCA 1983).
We disagree with the agency's contention that the plea of nolo contendere to the charge of aggravated battery is conclusive evidence that Kinney committed the crime, notwithstanding the hearing officer's contrary finding. Although a plea of nolo contendere may be considered as evidence of guilt in an administrative proceeding, it is not conclusive, and due process requires that the accused be given full opportunity to explain the circumstances surrounding his plea. The Florida Bar v. Lancaster, 448 So.2d 1019 (Fla. 1984); Ayala v. Dept. of Professional Regulation, 478 So.2d 1116 (Fla. 1st DCA 1985). What would be the purpose of an evidentiary hearing if the plea itself was conclusive evidence that a crime had, in fact, been committed? A plea of nolo contendere may be submitted by a defendant who deems the plea to be in his best interest, while maintaining his innocence. Fla.R.Crim.P. 3.172(d). See also Vinson v. State, 345 So.2d 711 (Fla. 1977).
This case is much like Ferris v. Austin, 487 So.2d 1163 (Fla. 5th DCA), dismissed, 492 So.2d 1330 (Fla. 1986), where a school teacher was permanently discharged after entering a nolo contendere plea to a charge of sexually abusing a student. The school board had rejected the hearing officer's finding that no sexual abuse had occurred. This court reversed for entry of an order consistent with the hearing officer's findings and recommendation, because there was competent and substantial evidence to support those findings. So too here, there is competent and substantial evidence to support the hearing officer's finding that no aggravated battery had been committed because of the absence of intent.
*133 We also reject appellee's contention that the nolo contendere plea was evidence of a violation of section 493.319(1)(c), f.n. 1 supra, this sufficient to support the agency's order. The record of the criminal proceedings does not reveal that appellant was "found guilty of the commission of a crime" because adjudication of guilt was withheld. Additionally, the crime with which appellant was charged was not related to the business for which appellant was licensed, and finally, but equally as important, appellant was not charged with a violation of subsection (c). The hearing officer correctly addressed this contention, noting that
The Petitioner contended in its Prehearing Statement that the proposed disciplinary action was in conformance with Section 493.319(1)(c), Florida Statutes (1981), but at the hearing, Petitioner agreed that the Administrative Complaint only alleged a violation of Section 493.319(1)(j), Florida Statutes (1981). Petitioner did not file an oral or written motion at the hearing requesting an amendment to the Administrative Complaint to allow an allegation charging a violation of Section 493.319(1)(c), Florida Statutes (1981).
We have considered the other arguments made by appellee to support the order and find them without merit. The order appealed from is reversed and the cause is remanded for entry of an order dismissing the charges.
REVERSED and REMANDED.
UPCHURCH, C.J., and DAUKSCH, J., concur.
NOTES
[1] Section 493.319(1), provides in pertinent part as follows:

(1) The following constitute grounds for which disciplinary action specified in subsection (2) may be taken:
* * * * * *
(c) Having been found guilty of the commission of a crime which directly relates to the business for which the license is held, regardless of adjudication;
* * * * * *
(j) Commission of assault, battery, or kidnapping or use of force or violence on any person except in self-defense or in the defense of a client;