SCHWARTZ, ALAN R., Associate Judge.
Pending a disciplinary proceeding before the Board of Medicine, based on alleged acts of “repeated malpractice,” and notwithstanding the specific finding that the statutory provision, § 458.331(l)(t), Florida Statutes (1985), challenged by the appellee was not unconstitutional on its face, the trial court entered a declaratory judgment enjoining the proceeding on the ground that the statute was unconstitutional as applied to Dr. Nudel. This was error.
It is well established that a trial court’s authority to interfere with or preclude an on-going administrative proceeding is strictly limited to a situation in which it is claimed and determined that a statute upon which the proposed agency order is based is facially invalid. Key Haven v. Board of Trustees, 427 So.2d 153, 157 (Fla. *767 1982). After holding that this was not the case — a determination with which we agree [1] — the lower court was required to go no further. Key Haven v. Board of Trustees, 427 So.2d 153. Accordingly, the judgment is reversed with directions to dismiss the complaint without prejudice to an appropriate review of any final agency action adverse to Dr. Nudel.
THOMPSON and BARFIELD, JJ., concur.

. Not only do we agree that the statute is not unconstitutional, see Ayala v. Department of Professional Regulation, 478 So.2d 1116 (Fla. 1st DCA 1985), we do not believe, since the incidents complained of occurred prior to the enactment of the statute in question, that it is even pertinent to the instant proceeding, that is, that it was about to be "applied” to Dr. Nudel at all. On the latter basis, the holding of facial constitutionality may well be considered dictum or as moot for lack of standing. See 10 Fla.Jur.2d Constitutional Law § 62 (1979).