BASKIN, Judge.
Elmer J. Son appeals a final order of the Florida Real Estate Commission [Commission] suspending his license for five years. We vacate the order.
The Commission filed an administrative complaint against Son pursuant to section 475.25(l)(f), Florida Statutes (Supp. 1990). That section provides, in pertinent part, that
[t]he commission ... may suspend a license ... for a period not exceeding 10 years ... if it finds that the licensee: [h]as been convicted or found guilty, regardless of adjudication, of a crime in any jurisdiction which directly relates to the activities of a licensed broker ... or involves moral turpitude or fraudulent or dishonest dealing. Any plea of nolo con-tendere shall be considered a conviction for purposes of this paragraph.
The administrative complaint alleged that Son plead nolo contendere and was found guilty of unlawfully acting in the capacity *76 of a' contractor without being a registered or certified contractor. The hearing officer, applying the First District Court of Appeal’s decision in Ayala v. Dept. of Professional Regulation, 478 So.2d 1116 (Fla. 1st DCA 1985), recommended that the complaint be dismissed. The Commission rejected the recommended order and suspended Son’s license for five years.
In Ayala, 478 So.2d at 1118-1119, the first district held that although a nolo con-tendere plea raises a presumption that a licensee has been convicted of a crime, the licensee is entitled to “the opportunity to rebut this presumption and assert his innocence of the underlying criminal charges by explaining the reasons and circumstances surrounding his plea of nolo con-tendere, and thereby attempt to convince the [Commission] that he is not guilty of a crime in violation of [section 475.-25(2)(f) ].”[1] See The Florida Bar v. Lancaster, 448 So.2d 1019 (Fla.1984); Clark v. School Board of Lake County, 596 So.2d 735 (Fla. 5th DCA 1992); Kinney v. Department of State, Div. of Licensing, 501 So.2d 129 (Fla. 5th DCA 1987). We approve the holding in Ayala and in so doing conclude that the Commission erred in failing to adopt the hearing officer’s recommended order.
A hearing officer’s findings of fact may not be rejected or modified where competent substantial evidence supports the findings of fact set forth in the recommended order. Smith v. Department of Health and Rehabilitative Serv., 555 So.2d 1254, 1255-1256 (Fla. 3d DCA 1989) (quoting Heifetz v. Department of Business Regulation, 475 So.2d 1277, 1281-1282 (Fla. 1st DCA 1985)). The record demonstrates that the hearing officer’s findings of fact were supported by competent substantial evidence. The Commission, therefore, improperly rejected these findings of fact. Kinney, 501 So.2d at 132.
We further find that the Commission erred in rejecting the hearing officer’s conclusions of law. Although an agency may reject or modify the conclusions of law in the recommended order, § 120.57(l)(b)(10), Fla.Stat. (Supp.1990), “[i]f the court finds that the agency has erroneously interpreted a provision of law and that a correct interpretation compels a particular action, it shall ... [s]et aside or modify the agency actionf.]” § 120.68(9)(a), Fla.Stat. (Supp. 1990). In this case, the hearing officer correctly applied the Ayala court’s reasoning to section 475.25(l)(f), Florida Statutes (Supp.1990). The Commission erred in rejecting the hearing officer’s conclusions of law, and applying a standard contrary to that announced in Ayala. For these reasons, the final order cannot stand.
We vacate the order suspending Son’s license and remand for entry of an order dismissing the complaint.

. The Ayala court construed section 458.-331(l)(c), Florida Statutes (1983), which sets forth the grounds for disciplinary action against members of the medical profession. Section 458.331(l)(c) contains virtually identical language as section 475.25(l)(f).