KLEIN, Judge.
After pleading no contest to a crime, with adjudication of guilt withheld, appellant’s plumbing contractor’s license was revoked because of his plea. He appeals and we reverse.
In 1990 appellant was charged with attempting to illegally copy the Contractor’s Licensing Examination. The contents of that exam are confidential, because the same exam is used year after year. Subsequently when appellant attempted to reactivate his inactive plumbing license, the Department of *389 Business and Professional Regulation charged him with violating section 489.129(l)(b), Florida Statutes (1989), which provides that the licensing board may revoke a license if a contractor is “convicted or found guilty, regardless of adjudication, of a crime in any jurisdiction which directly relates to the practice of contracting....”
The hearing officer concluded that appellant’s earlier plea of no contest raised a presumption that he had been found guilty or convicted of a crime, citing Ayala v. Department of Professional Regulation, 478 So.2d 1116 (Fla. 1st DCA 1985). The hearing officer found that appellant failed to rebut the presúmption and he therefore recommended revocation. The Construction Industry Licensing Board adopted the hearing officer’s order and revoked appellant’s license.
The order is. not supported by Ayala, in which the first district recognized the general rule that a plea of no contest may be entered “without any collateral implications to the defendant in other civil or criminal proceedings.”. Id. at 1117. Ayala, a physician, had entered a nolo contendere plea; however, the statute governing his licensing proceeding, section 458.331(l)(c), specifically provided that a nolo contendere plea “shall be considered a conviction.” Section 489.129(l)(b), governing this proceeding, did not contain a similar provision in 1990, although it does now. The no contest plea could not, accordingly, be the basis of the revocation of appellant’s license. Holland v. Florida Real Estate Comm’n, 352 So.2d 914 (Fla. 2d DCA 1977).
Reversed.
SHAHOOD and GROSS, JJ., concur.