CANNELLA, Judge.
Appellant, Dorothy Taylor, appeals from a judgment in favor of appellee, Holiday Inn, Inc., granting it’s Motion for Summary Judgment. For the reasons which follow, we affirm.
On July 23, 1989, appellant was injured when she slipped and fell on some liquid as she was entering the lounge of the Holiday Inn hotel, located at 2929 Williams Blvd, in Kenner, Louisiana. She filed suit against appellee to recover for her injuries. After discovery, appellee filed a Motion for Summary Judgment because it had never owned or managed that hotel. The premises are owned and operated by Kenner Management, Inc.[1] The trial court granted appellee’s motion. It is from this judgment on motion for summary judgment that appellant appeals.
Appellant argues that the district court erred in finding there was no genuine issue of fact and that the appellee owed a duty to the appellant under the license agreement between appellee and Kenner Management, Inc. We disagree. The trial judge, in a well reasoned decision, properly resolved these arguments in favor of the appellee, granting the Motion for Summary Judgment.
Appellant argues that there are genuine issues of material fact and, therefore, the Motion for Summary Judgment should not have been granted. More particularly, ap *736 pellant argues that the question of defendant’s “custody of the defective premises” presents factual questions that are at issue.
It is well settled that a Motion for Summary Judgment “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La.C.C.P. art. 966. .
As pointed out by the trial judge, to prevail, appellant must establish that appel-lee had “custody of the defective premises.” Loescher v. Parr, 324 So.2d 441 (La. 1975). In that case the Supreme Court described “custody” as follows:
“(t)he things in one’s care are those things to which one bears such a relationship as to have the right of direction and control over them, and to draw some kind of benefit from them. This relationship will ordinarily be associated with ownership, but the guardianship will also belong to the bailee, the lessee, the usu-fructuary, the borrower for use and the repairmen, among others. It will not belong to the agent or the mandatory, the employee or the servant, or to anyone else for whom there is a responsible principal. The owner may transfer the guardianship by transferring the thing to another who will bear such a relationship to the thing as to himself have the care of it. He may also lose the care of this thing, principally by the theft of the thing.” Id., at p. 449.
See also, Socorro v. City of New Orleans, 579 So.2d 931 (La.1991).
This court further held in Jacobs v. Spinnakers, 474 So.2d 1019 (La.App. 5th Cir.1985), that “the guardianship of a thing from which liability arises rests with the owner, until such time as it is transferred to another.”
Appellee, through its pleadings and affidavits, established that it did not, nor has it ever, owned or managed the property on which the accident occurred. There is no custody or guardianship resting in the appellee. Rather, the appellee’s relationship to the premises is through Kenner Management, Inc., by a Licensing Agreement whereby appellee permits the use of its trademarks, service marks, logos, sign designs and other distinctive characteristics. In exchange, appellee receives monthly royalty fees. The License Agreement expressly denies any agency relationship between its parties.
Appellant cites a portion of the License Agreement that provides:
No significant change in the Hotel may be made without the Licensor’s approval. Redecoration and minor changes that comply with Licensor’s standards and specifications will not be considered significant.
The appellant contends that this provision, along with the licensee’s contractual obligation to keep the premises “clean and safe”, amount to control or custody of the premises by appellant, sufficient to cause liability. However, the injury of appellant did not arise from any of the operations covered in the License Agreement. Appellant attributes her fall to an accumulation of water on the floor, a management problem. Appellee had no control of the day-today management procedures. In fact, its only recourse against Kenner Management, Inc. for non-compliance with the agreement was to terminate it. Appellee had no authority to come in and take over the management. There is no factual issue as to whether appellee had custody or control over the premises in question. The pleadings and supporting affidavits clearly establish it did not.
In the alternative, appellant argues that the provisions in the Licénsing Agreement created a duty in appellee which it either failed to exercise or exercised negligently. As found by the trial judge, the provisions in the agreement did not create a duty in the appellee to this appellant. We agree.
Accordingly, we affirm the judgment of the trial court granting the appellee’s Motion for Summary Judgment.
AFFIRMED.

. Appellant has filed an amended petition naming Kenner Management, Inc., as an additional defendant in the case.