596 So.2d 735 (1992)
Sarah I. CLARK, Appellant,
v.
SCHOOL BOARD OF LAKE COUNTY, FLORIDA, Appellee.
No. 91-1229.
District Court of Appeal of Florida, Fifth District.
March 27, 1992.
*736 Thomas W. Young, III, Gen. Counsel, and Nina Ashenafi, Certified Legal Intern, FEA/United, Tallahassee, for appellant.
Stephen W. Johnson, McLin, Burnsed, Morrison, Johnson & Robuck, P.A., Leesburg, for appellee.
PETERSON, Judge.
Sarah I. Clark appeals from a final order of the School Board of Lake County terminating her continuing contract of employment. We reverse.
The facts in this case are not in dispute since the school board adopted, without exception, the factual findings of the hearing officer assigned to the case by the Florida Department of Administrative Hearings. The school board disagreed with the hearing officer's conclusions of law.
A fair summary of the hearing officer's findings is that a long-term, middle-aged, elementary school teacher, apparently with no previous alcohol abuse, engaged in what might be called an alcohol-related binge during her summer vacation after the end of a school year. Clark is a continuing contract fifth-grade teacher employed by the school board since January 1979. In the summer of 1989, after the end of the school year, an episode occurred in which Clark acted in a highly inappropriate manner. The day before the episode began, she brought her then former husband to her home to care for him. The former husband, whom she has since remarried, had been in a nursing home because he had suffered a disabling stroke. Also, shortly before the episode, she had experienced a physical injury and intimidation by an acquaintance of her son. With the help of the Lake County Sheriff's Department, which exercised restraint and understanding, and with the help of the court, which ordered alcohol testing and counseling, the three-day episode ended before the new school year began.
During this episode, Clark acted very inappropriately towards police agencies and individual officers. Pursuant to the Baker Act, police took her involuntarily to a mental health facility where she was evaluated and released. The Department of Health and Rehabilitative Services investigated possible abuse of her husband. Clark's name was placed on the abuse registry, and she was charged criminally with the misdemeanor of abuse of an aged or disabled *737 person. Clark pleaded nolo contendere to the criminal charge and adjudication was withheld. In a separate proceeding, however, her name was expunged from the abuse registry. In addition, the instant hearing officer found that the alleged acts of abuse did not occur.
As a result of the nolo contendere plea, Clark was placed on probation. She fulfilled the conditions of her twelve-month probation and was released from probation three months early. All tests showed her to be alcohol-free, and, although the requirement to attend Alcoholics Anonymous meetings was terminated upon her release from probation, she continued to attend. She had also been required as part of her probation to have a standard health examination to determine whether she would be required to have mental health services. She was found on March 22, 1990, to be properly oriented and logical. She was lucid and coherent, had intact judgment, and functioned within normal limits and in an appropriate manner. No therapy was recommended.
Clark was suspended without pay on August 23, 1989, and subsequently was charged with violating section 231.36(4)(c), Florida Statutes, which provides that a teacher on continuing contract can be discharged only for drunkenness, immorality, incompetency, misconduct in office, gross insubordination, willful neglect of duty, or conviction of a crime involving moral turpitude.
The hearing officer made the following conclusions of law:
1. Immorality. Rule 6-4.009(2), Florida Administrative Code, defines immorality as "conduct that is inconsistent with the standards of public conscience and good morals. It is conduct sufficiently notorious to bring the individual concerned or the education profession into public disgrace or disrespect and impair the individual's service in the community." The hearing officer concluded that the June 1989 events were not sufficiently "notorious" to come within the definition, and that Clark's private drinking, her inappropriate conduct towards the police, and her involuntary commitment had not been made known publicly. He also determined that a plea of nolo contendere is not proof of moral turpitude.
2. Incompetency. Rule 6B-4.009(1) defines incompetency as "inability or lack of fitness to discharge the required duty as a result of inefficiency or incapacity." Incapacity is defined as a "lack of emotional stability." The hearing officer noted that events that formed the basis of the charges occurred during the school's summer recess so that the events could not have impacted Clark's competency. More importantly, stated the hearing officer, Clark was evaluated and released in June 1989 under the Baker Act, and she was evaluated again in March 1990 pursuant to the terms of her probation and was found to be normal.
3. Misconduct in Office. Rules 6B-1.001 and 6B-1.006 define misconduct as a violation of the code of ethics of the education profession which "is so serious as to impair [the] individual's effectiveness in [the] school system... ." The hearing officer determined that the alleged mistreatment of her husband stretches the application of "in office" beyond every reasonable limit. He further noted that none of the abuse allegations involved teaching school or Clark's duties as a teacher.
4. Drunkenness. Since the events had occurred in her home, the hearing officer concluded that Clark was not guilty of drunkenness.
While the school board adopted the hearing officer's findings of fact, it rejected some of the conclusions of law. The board agreed that Clark was not guilty of drunkenness, but it concluded that the findings of fact supported its substituted conclusions of law that Clark was incompetent, that she had engaged in immoral conduct, and that she was guilty of misconduct in office. An analysis of the applicable regulations is appropriate to determine whether the school board's substituted conclusions of law may be affirmed.

INCOMPETENCY
The board determined that Clark was "incompetent due to incapacity, due to *738 lack of emotional stability." Section 231.36(4)(c), Florida Statutes, allows termination of a teacher proven to be incompetent to teach or to perform duties as an employee of the public school system. Rule 6B-4.009(1) defines incompetency:
Incompetency is defined as inability or lack of fitness to discharge the required duty as a result of inefficiency or incapacity. Since incompetency is a relative term, an authoritative decision in an individual case may be made on the basis of testimony by members of a panel of expert witnesses appropriately appointed from the teaching profession by the Commissioner of Education. Such judgment shall be based on a preponderance of evidence showing the existence of one (1) or more of the following:
* * * * * *
(b) Incapacity: (1) lack of emotional stability; (2) lack of adequate physical ability; (3) lack of general educational background; or (4) lack of adequate command of his or her area of specialization.
By providing for testimony by members of a panel of expert witnesses from the teaching profession, rule 6B-4.009(1) seems to acknowledge difficulty in reaching a decision as to the incompetency of a teacher. In the instant case, however, there was no expert testimony below that Clark was unable or unfit to discharge her required duties. In fact, the only evidence with respect to Clark's competency in discharging her required duties was a series of satisfactory evaluations through the 1988-1989 school year. We believe that the school board erred in ruling as a matter of law that Clark's atypical, alcohol-influenced acts, which occurred during summer vacation while she was free from school duties, constituted incompetency as a matter of law. While her acts during this short window of her life were inappropriate and abnormal by anyone's standards, they do not support a conclusion that she was incompetent. No testimony, either expert or lay, was offered to support the board's decision that Clark had an "inability or lack of fitness to discharge the required duty" under the definition of incompetency.
IMMORALITY
Rule 6B-4.009(2) defines immorality:
Immorality is defined as conduct that is inconsistent with the standards of public conscience and good morals. It is conduct sufficiently notorious to bring the individual concerned or the education profession into public disgrace or disrespect and impair the individual's service in the community.
The gravamen of the board's rejection of the hearing officer's conclusions of law related to an event that occurred during a private, consensual, sexual moment between Clark and her former husband. The board concluded that Clark engaged in an illegal, and therefore immoral, act. Arguably, it can be inferred that the school board's order refers to section 800.02, Florida Statutes. However, it was not contained in the charges against Clark that she was immoral because she had engaged in a sex act. A school teacher on a continuing contract must be given notice of the charges against her before dismissal and must be given a chance to answer those charges. Thaw v. Board of Public Instruction of Dade County, 432 F.2d 98 (5th Cir.1970).[1] Although Clark was charged with immorality, she did not have notice, not even at the evidentiary hearing, that the charge of immorality involved a sexual act. She was never given the opportunity to refute, nor did she suspect that she had to, the later contention that the act was immoral.

MISCONDUCT IN OFFICE
Rule 6B-4.009(3) defines misconduct in office:
Misconduct in office is defined as a violation of the Code of Ethics of the Education Profession as adopted in Rule 6B-1.001, F.A.C., and the Principles of Professional *739 Conduct for the Education Profession in Florida as adopted in Rule 6B-1.006, F.A.C., which is so serious as to impair the individual's effectiveness in the school system.
Clark was found by the board to be "guilty of misconduct in office for violation of the Code of Ethics of the Education Profession as adopted in Fla. Admin. Code Rule 6B-1.001(3)." No specific act of misconduct was indicated by the board although reference was made to a copy of the hearing officer's recommended order. The code violation cited by the board provides:
Aware of the importance of maintaining the respect and confidence of one's colleagues, of students, of parents, and of other members of the community, the educator strives to achieve and sustain the highest degree of ethical conduct.
Fla. Admin. Code Rule 6B-1.001(3). The school board notes in its brief that, in rejecting the hearing officer's conclusion, it considered the inappropriate conduct with the police, the abuse charge and the nolo contendere plea to it, and the newspaper reports of the abuse charge.
The school board seems to have been concerned with Clark's notoriety. The only events shown in the record to be widely known were the undetailed charges of abuse and Clark's plea of nolo contendere as published in the newspapers. The hearing officer found that the alleged acts of abuse did not occur. The charge of abuse is certainly not evidence of the commission of the act in our system of justice. A plea of nolo contendere to a criminal charge is not conclusive grounds for dismissal. See Kinney v. Department of State, Division of Licensing, 501 So.2d 129 (Fla. 5th DCA 1987); Ayala v. Department of Professional Regulation, 478 So.2d 1116 (Fla. 1st DCA 1985).
The hearing officer found that the inappropriate conduct towards the police was not generally known. While it appears to us that this is a factual determination, the hearing officer included this finding in his conclusions of law. The evidence before the hearing officer did not show that this other conduct was published in the media; it indicated only that some law enforcement and government officials knew of it. Since the events were not widely known, Clark's effectiveness in the school system would not have been impaired due to public perception.
Accordingly, we hold that the school board erred in concluding that Clark was incompetent and guilty of misconduct and immorality. It is fortunate for Clark that her actions took place during her summer vacation and were detected and treated early by governmental authorities. That action allowed her to regain her composure and lead what appears to be an exemplary life.
The school board should be commended for its decision to proceed against Clark. It has a duty to consider the best interests and protection of children entrusted to it by parents. If one of its tenured teachers exhibits personality disorders that might result in damage to a child's body or mind, no one can fault it for bringing the problem to the fore for the protection of the children, the school board, and public funds. However, its substituted conclusions are not supported by the undisputed facts as applied to the prescribed standards which would authorize a termination of the employment of this 47-year-old tenured teacher who exhibited a human weakness to a few persons for a few days during a troubled time in her life.
We vacate the substituted conclusions of law by the school board, reinstate the hearing officer's conclusions that Clark was not guilty of the charges, and direct that Clark receive back pay for her period of suspension except for that period for which she waived back pay.
REVERSED and REMANDED.
DAUKSCH and W. SHARP, JJ., concur.
NOTES
[1] And see Florida Board of Bar Examiners re N.R.S., 403 So.2d 1315 (Fla. 1981) (Private, noncommercial sex acts between consenting adults are not relevant to prove fitness to practice law).