HANS J. LILJEBERG, Judge.
12Plaintiffs, Christopher and Cherie Mar-engo, appeal a summary judgment granted in favor of defendants, Charles Harding and Old Republic Insurance Company (“Old Republic”). For the following reasons, we reverse the summary judgment and remand this case for further proceedings.

FACTS AND PROCEDURAL HISTORY

This case arises from a motor vehicle accident that occurred on October 14, 2009. According to Mr. Marengo, he was operating a Ford F350 northbound on Distributor’s Row, and he stopped at a stop sign at the intersection of Mounes Street and Distributor’s Row in Jefferson Parish. While Mr. Marengo was stopped at the stop sign, a GMC Savana driven by Charles Harding and traveling eastbound on Mounes Street collided in the intersection with a BMW 740 driven by Georgia Armstrong and traveling southbound on Distributor’s Row. Mr. Marengo asserts that the collision forced Ms. Armstrong’s vehicle into the driver’s side door of his vehicle, causing him to suffer personal injuries and property damage.
On October 4, 2010, Mr. Marengo and his wife, Cherie, filed suit against Mr. Harding, Old Republic as Mr. Harding’s insurer, Ms. Armstrong, and State Farm Fire and Casualty Insurance Company (“State Farm”) as Ms. Armstrong’s insurer. The Marengos assert that both Mr. Harding and Ms. Armstrong were negligent and caused the accident, and that the defendants are liable for the pdamages sustained by the Marengos as a result of the accident. Plaintiffs later filed a supplemental and amending petition adding Allstate Insurance Company (“Allstate”) as a defendant and asserting that Allstate is an insurer of Ms. Armstrong.
Georgia Armstrong and State Farm answered the petition, asserting that Ms. Armstrong was not at fault and that the accident was caused in whole or in part by the negligence of Charles Harding. Charles Harding and Old Republic filed their answer to the petition, claiming that Mr. Harding was not at fault and that the accident was caused solely by the negligence of Ms. Armstrong.
On August 15, 2012, Mr. Harding and Old Republic filed a motion for summary judgment, contending that they are entitled to judgment as a matter of law and dismissal of plaintiffs’ claims against them because plaintiffs cannot show that Mr. Harding was at fault for the accident. Mr. Harding and Old Republic argue that the deposition testimony of Mr. Harding, Ms. Armstrong, and Mr. Marengo establish that Ms. Armstrong was solely at fault for the accident and that the Marengos cannot establish any liability on the part of Mr. Harding. The deposition testimony relied on was attached to the motion for summary judgment.
The Marengos filed an opposition to this motion, asserting that genuine issues of material fact pertaining to the circumstances of the collision preclude summary judgment. Specifically, they claim that the parties disagree as to whether heavy rain affecting visibility and driving conditions began before or after the subject accident, whether Mr. Harding was speeding, and whether Mr. Harding operated his vehicle in negligent manner and/or could have avoided the accident. The Marengos also attached deposition testimony to their opposition memorandum.
pOn October 3, 2012, the motion for summary judgment came for hearing before the trial judge. The hearing consisted entirely of oral argument; no evidence was officially offered or introduced. After listening to arguments of counsel, the trial judge took the matter under advisement. On October 10, 2012, the trial judge rendered a judgment granting the motion for *1202 summary judgment filed by Charles Harding and Old Republic and dismissing plaintiffs’ claims against them.[1] The Mar-engos appeal this judgment.

LAW AND DISCUSSION

On appeal, the Marengos argue that the trial court erred by granting the motion for summary judgment, and they set forth three assignments of error. In their first assignment of error, the Marengos contend that summary judgment was improperly granted where no evidence in support of the motion was formally introduced into the record during the hearing. In response, Mr. Harding and Old Republic assert that they were not required to formally offer and introduce them exhibits, because the longstanding jurisprudence of this Court confirms that documentary evidence specifically listed in LSA-C.C.P. art. 966(B) must only be filed and attached to the motion for summary judgment in order to be considered by the trial court.
Although there is ample jurisprudence from previous years providing that evidence listed in LSA-C.C.P. art. 966(B) and attached to a motion for summary judgment may be considered by the trial court, LSA-C.C.P. art. 966 was amended by Acts 2012, No. 257, § 1, and Acts 2012, No. 741, § 1, with an effective date of August 15, 2012. Prior to these amendments, LSA-C.C.P. art. 966(B) provided, in pertinent part:
IsThe judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. (Emphasis added).
The words “on file” were deleted by the 2012 amendments. Additionally, the amendments added a second paragraph to LSA-C.C.P. 966(E), providing:
(2) Only evidence admitted for purposes of the motion for summary judgment shall be considered by the court in its ruling on the motion.
As of August 15, 2012, the effective date of the 2012 amendments, LSA-C.C.P. art. 966 mandates that only evidence formally admitted into evidence during the summary judgment hearing can be considered by the trial court. Evidence physically attached to the motion or placed in the record cannot be considered unless it is properly introduced and admitted into evidence at the hearing.
In the present case, the Marengos filed suit claiming that both Mr. Harding and Ms. Armstrong were at fault for the accident. Ms. Armstrong answered, arguing that Mr. Harding was at least partially at fault, and Mr. Harding answered claiming that Ms. Armstrong was solely at fault. In support of their motion for summary judgment, Mr. Harding and Old Republic attached deposition testimony in support of their position that Mr. Harding was free from fault in the accident. The Marengos also submitted deposition testimony in opposition to the motion. However, neither the deposition testimony nor any other evidence was formally introduced and admitted at the hearing. Accordingly, in our de novo review of the motion for summary judgment on appeal, we cannot consider the deposition testimony attached to the motion for summary judgment or the opposition.
*1203 |Jt is well-settled that appellate courts review summary judgments de novo using the same criteria applied by the trial courts to determine whether summary judgment is appropriate. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 750; Nuccio v. Robert, 99-1327, p. 6 (La.App. 5 Cir. 4/25/00), 761 So.2d 84, 87, writ denied, 00-1453 (La.6/30/00), 766 So.2d 544. A summary judgment is appropriate when there remains no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Magnon v. Collins, 98-2822 (La.7/7/99), 739 So.2d 191, 195. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B)(2).
In our de novo review of the motion for summary judgment in the present case, without any evidence in support of Mr. Harding and Old Republic’s assertions, we find that there are genuine issues of material fact that preclude summary judgment at this time. Accordingly, we reverse the summary judgment granted in favor of Mr. Harding and Old Republic and remand this case for further proceedings consistent with this opinion.
Considering our ruling reversing the summary judgment in this matter, we pre-termit discussion of the remaining two assignments of error set forth by the Maren-gos.

DECREE

For the foregoing reasons, we reverse the summary judgment granted in favor of Charles Harding and Old Republic, and we remand the case to the trial court for further proceedings consistent with this opinion.

REVERSED AND REMANDED

. After the motion for summary judgment hearing, the Marengos filed a motion to dismiss Ms. Armstrong and State Farm from the lawsuit because their claims against them had been compromised and settled, but reserving their right to proceed against Mr. Harding, Old Republic and Allstate. The trial judge granted this motion to dismiss on October 5, 2012.