CA 13-888

CONNIE EVANS, ET AL.

VERSUS

RANDY BORDELON, ET AL.

**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 11-C-5409-B
HONORABLE ELLIS J. DAIGLE, DISTRICT JUDGE

**********

**JOHN E. CONERY
JUDGE**

**********

Court composed of Sylvia R. Cooks, Marc T. Amy, Elizabeth A. Pickett, Billy H. Ezell, and John E. Conery, Judges.

**Ezell, J., dissents and assigns written reasons.**

**Pickett, J., dissents, and would affirm based on the evidence properly before the court.**

**REVERSED AND REMANDED.**

**Brian M. Caubarreaux**
**Emily G. Meche**
**Derrick G. Earles**
**Robert M. Marionneaux, Jr.**
**Brian Caubarreaux & Associates**
**Post Office Box 129**
**Marksville, Louisiana 71351**
**(318) 253-0900**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
  **Connie Evans**
  **Coral Evans**

**James P. Doherty, III**
**Frederick & Doherty**
**Post Ofice Box 52880**
**Lafayette, Louisiana 70505-2880**
**(337) 269-5143**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
  **Randy Bordelon, individually and d/b/a Bordelon's CB & Audio**
  **Employers Mutual Casualty Company**

**CONERY, Judge.**

Connie Evans appeals the decision of the trial court below granting the motion for summary judgment filed by Randy Bordelon d/b/a Bordelon's CB & Audio (hereinafter Bordelon's). For the following reasons, we reverse the decision of the trial court and remand the case to the district court for further proceedings in accordance with this court's ruling.

Mrs. Evans claims that on January 7, 2011, she tripped on a concrete landing that she alleges was obscured by grass as she entered Bordelon's. The fall caused serious injury to her arm. Bordelon's filed a motion for summary judgment, which was granted after Mrs. Evans failed to introduce any evidence at the hearing on that motion. From that decision, Mrs. Evans appeals.

Mrs. Evans asserts two assignments of error on appeal. Fist she claims that the trial court improperly interpreted La.Code Civ.P. art. 966(F)(2), and second she claims that the trial court erroneously granted Bordelon's motion for summary judgment in the face of contradictory evidence. Because our discussions concerning the assignments of error overlap, we will address them as one.

## LAW AND DISCUSSION

*Standard of Review*

Summary judgment is favored in Louisiana and "is designed to secure the just, speedy, and inexpensive determination of every action[.]" La.Code Civ.P. art. 966(A)(2). Summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B)(2). A trial court's judgment granting or

denying a motion for summary judgment is reviewed de novo. *Bernard v. Ellis,* 11-2377 (La. 7/2/12), 111 So.3d 995. The appellate court should use the same standard as the trial court in determining whether summary judgment is proper; whether a genuine issue of material fact exists, and whether the mover is entitled to judgment as a matter of law. *Arceneaux v. Arceneaux*, 13-511 (La.App. 3 Cir. 11/6/13), 127 So.3d 61, *writ denied*, 13-2827 (La. 2/14/14), ___ So.3d ___.

At the time of the hearing on the motion, La.Code Civ.P. art. 966 mandated that only evidence formally admitted during the summary judgment hearing could be considered by the trial court. *Marengo v. Harding,* 13-47 (La.App. 5 Cir. 5/16/13), 118 So.3d 1200. In *Marengo*, the court stated:

> As of August 15, 2012, the effective date of the 2012 amendments, LSA-C.C.P. art. 966 mandates that only evidence formally admitted into evidence during the summary judgment hearing can be considered by the trial court. Evidence physically attached to the motion or placed in the record cannot be considered unless it is properly introduced and admitted into evidence at the hearing.

*Id.* at 1202.

The evidence attached to the opposition memorandum by Mrs. Evans was not formally introduced into evidence at the hearing held on April 18, 2013. The only evidence introduced at the hearing was introduced by Bordelon's. Therefore, at the time the trial court made its ruling, it was technically correct.

However, recently the Louisiana Legislature again amended the law on summary judgment procedure to no longer require the filing of exhibits into the record, provided the exhibits are attached to a motion for summary judgment or memorandum. In *Midland Funding, LLC v. Urrutia*, 13-459, p. 2 (La. App. 5 Cir. 12/19/13), ___So.3d ___, ___ n.1 (emphasis ours, alteration in original), the fifth

circuit interpreted the amendment to be procedural and hence to be applied retroactively:

> La. C.C.P. art. 966 was amended effective August 1, 2013 to remove the requirement of formal introduction of evidence at the hearing on the motion for summary judgment. The article now states, in subparagraph F(2), in pertinent part, that "[e]vidence **cited in and attached to** the motion for summary judgment or memorandum filed by an adverse party is deemed admitted for purposes of the motion for summary judgment unless excluded in response to an objection made in accordance with Subparagraph (3) of this Paragraph." Subparagraph F(3) of this article states that "[o]bjections to evidence in support of or in opposition to a motion for summary judgment may be raised in memorandum or written motion to strike stating the specific grounds therefor."

"This amendment to Article 966 is procedural and therefore applies retroactively."

*Id.*

We agree with our brethren on the fifth circuit. Since there is no longer a requirement to formally admit the evidence at the hearing, we will consider all evidence attached to plaintiff's memorandum.

Further complicating this case is the fact that there were two separate motions for summary judgment. The first motion for summary judgment (first motion) was filed by Bordelon on November 14, 2012. The exhibits attached to the motion and memorandum included photographs taken by Aaron Owens, the affidavits of Raynell Joseph Charles, Vanessa Bordelon, Randy Bordelon, plus two documents entitled "Fire Marshal Report" and "BECC Enterprises LLC estimate."

Mrs. Evan's opposition to Bordelon's first motion for summary judgment had two exhibits attached, the July 30, 2012 deposition of Mrs. Evans and the November 30, 2012 affidavit of Mrs. Evans' safety expert, Phillip Beard, P.E., which contained his expert report. Mr. Beard's submission included the following attachments: "Photographs taken by Phillip Beard, P.E. numbered P-1-P-15,

Existing Entrance Landing Drawing CP1, Contractor's estimate for landing repair, Curriculum Vitae, Methodology and Litigation Log."

The first motion for summary judgment was heard by the trial court on December 10, 2012, and there is no record of the transcript of the hearing in this appellate record. The trial court denied Bordelon's first motion for summary judgment on January 23, 2013, because discovery was not complete. The trial court also ruled that Bordelon's motion for summary judgment could be re-urged once discovery was complete.

Bordelon's re-urged its motion for summary judgment on April 3, 2013, (second motion) which was heard by the trial court on April 18, 2013. At the hearing, Bordelon's requested that all exhibits attached to the first motion for summary judgment as well as the exhibits attached to its second motion for summary judgment be admitted into evidence. The exhibits attached to Bordelon's second motion for summary judgment included information on Dan Oas, D.O., an "Orthopaedic Trauma & Reconstructive Specialist," and the Curriculum Vitae and the Methodology and Litigation Log of Phillip Beard, P.E.

Attached to Mrs. Evans' opposition to Bordelon's second motion for summary judgment was a supplemental affidavit from her safety expert, Phillip Beard, P.E., a 2001 letter from the Louisiana State Fire Marshal, and the depositions of Eddie Stagg, Sr. (a Bordelon's employee), Randall Bordelon, and Wendell Bordelon.

A de novo review of the transcript of the April 18, 2013 hearing leads us to the conclusion that the trial court had reviewed the original affidavit of Phillip Beard, P.E. and the exhibits attached, filed in connection with Bordelon's first motion for summary judgment. The original affidavit of Mr. Beard was attached

4

as Exhibit B to Mrs. Evan's memorandum in opposition to Bordelon's first motion for summary judgment.

However, the trial court, after a discussion on the record with counsel, applied the requirements of the then applicable version of La.Code Civ.P. art. 966, and excluded from evidence all documentation not formally submitted into evidence at the hearing, stating "At trial, unless it's offered, it is not evidence. That's what the code says and I have to follow it."

The trial court then ruled as follows:

> Okay. So considering the evidence as presented today, and the evidence that I have in front of me dealing with, particularly, the photographs, and **dealing with the other motions for summary judgment in which the affidavit of Mr. Beard was presented,** the Court has to grant this motion for summary judgment on the basis that it finds no unreasonably hazardous condition on the premises.

(Emphasis added.)

This court has determined the supplemental affidavit of Mr. Beard submitted as Exhibit A by Mrs. Evans in connection with her opposition to Bordelon's second motion for summary judgment must be considered as a part of the record on appeal. The supplemental affidavit contains language that refers to and specifically adopts Mr. Beard's original affidavit dated November 30, 2012, and states in pertinent part, "That a previous affidavit dated November 30, 2012 has been issued by me in this case and all the facts, opinions and/or conclusions in that affidavit remain valid. Additional information has been provided subsequent to the November 30, 2012 affidavit and said information has bearing in this matter."

In his supplemental affidavit, Mr. Beard defends his use of the Life Safety Code as a basis for his original conclusion in his November 30, 2012 original

5

affidavit that a three-inch variance is unreasonable under that Code. Mr. Beard also supports his application of the Life Safety Code in his original affidavit based on a recently discovered review letter from the Fire Marshal pertaining to Bordelon's property at issue.

Mr. Beard's supplemental affidavit quotes portions of the Fire Marshal's letter at number six, which states, "101:5-2.1.3 Provide landings outside exterior doors level with the floor." Based on the requirement cited in the review letter, Mr. Beard concludes:

> However, because the landing is indeed part of the entry as addressed by the review letter, the opinions (original affidavit) remain valid in using the Code as a reasonable standard. If the ¾ inch variation at the door is considered hazardous by the Code, then it is logical to conclude that the 3 inch change of elevation at the outside edge of the landing is also dangerous. Obscuring the change of elevation by the grass exacerbates the dangerous condition.

(Emphasis added.)

The situation surrounding the documentation in the record is further exacerbated by the trial court's exclusion from the record of the photographs attached to Mr. Beard's November 30, 2012 original affidavit. According to Mr. Beard, the photographs depict the slab and support his opinion that the "3 inch change of elevation at the outside edge of the landing is also dangerous. Obscuring the change of elevation by the grass exacerbates the dangerous condition." The photographs and deposition of Mrs. Evans were clearly considered by Mr. Beard when he executed his second affidavit and are proper evidence for an expert to consider regardless of whether the actual pictures were filed in evidence at the hearing. We find that Mr. Beard's supplemental affidavit must be considered and that it creates a genuine issue of material fact.

6

For the forgoing reasons, the decision of the trial court below is reversed and the case is remanded to the district court for further proceedings in accordance with this court's ruling. Costs of this appeal are hereby assessed against Randy Bordelon, individually and d/b/a Bordelon's CB & Audio and Employers Mutual Casualty Company.

**REVERSED AND REMANDED.**

CONNIE EVANS, ET AL.

VERSUS

RANDY BORDELON, ET AL.

**EZELL, Judge, dissenting**

I dissent in this matter to bring to the attention of attorneys and the legislature the mess that has been clogging up the legal system and clogging up the minds of those that have to deal with this inept statute.

The plaintiff's injury occurred prior to the last amendment to La.Code.Civ.P. art. 966, which became effective on August 2013. The only evidence that could be relied upon in a motion for summary judgment was the evidence formally admitted during the summary judgment hearing.

In this instance, the testimony of plaintiff was not properly admitted for her motion for summary judgment. In fact, no testimony from the plaintiff was admitted for the purposes of this motion for summary judgment because none was introduced at the hearing or attached to her opposition memorandum.

Thus, based on the evidence properly before this court, I would agree with the trial court's decision in this matter.

For the foregoing reasons, I respectfully dissent in this matter.