# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 15-1142


THOMAS NEARHOOD

VERSUS

ANYTIME FITNESS, ET AL.


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 248,664
HONORABLE THOMAS YEAGER, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## MARC T. AMY
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Jimmie C. Peters, Marc T. Amy, and David Kent Savoie, Judges.


**AFFIRMED.**

**Ernie L. Vallery**
**525 Johnston Street**
**Alexandria, LA 71301**
**(318) 442-6565**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
  **Thomas Nearhood**

**Andrew D. Weinstock**
**Duplass, Zwain, Bourgeois, Pfister & Weinstock**
**3838 N. Causeway Boulevard, Suite 2900**
**Metairie, LA 70002**
**(504) 832-3700**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
  **Anytime Fitness, LLC**
  **Precor, Inc.**

**Ashley C. Wimberly**
**Post Office Box 1629**
**Baton Rouge, LA   70821**
**(255) 214-1908**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Fitness Partners of Pineville**

**AMY, Judge.**

The plaintiff was injured when the weighted bar of a Smith machine[1] fell on him. Thereafter, the plaintiff filed suit against the operators of the gym where the injury occurred, the franchisor of the gym, and the manufacturer of the equipment. The franchisor filed a motion for summary judgment. After a hearing, the trial court granted that motion and dismissed the plaintiff's claims against the franchisor. The plaintiff appeals. For the following reasons, we affirm.

**Factual and Procedural Background**

The plaintiff, Thomas Nearhood, was exercising at an Anytime Fitness location when the accident giving rise to this litigation occurred. According to Mr. Nearhood, he was performing squat exercises on a Precor-brand Smith machine when the weighted bar of the machine fell on him, causing "serious internal injuries[.]" Mr. Nearhood ultimately filed suit against Anytime Fitness, Inc., the franchisor of the gym; Fitness Partners of Pineville, LLC, the franchisee of that particular Anytime Fitness franchise location; and Precor, Inc., the manufacturer of the Smith machine. Therein, Mr. Nearhood made several claims, including that Fitness Partners was negligent in failing to instruct him in the proper use of the Smith machine; that the Smith machine was defective because it did not have adequate warnings and that a safer alternative design existed; and that Anytime Fitness was liable because it allowed its franchisee to possess a dangerous instrumentality.

Fitness Partners and Precor subsequently filed motions for summary judgment, both of which were granted by the trial court. Mr. Nearhood appealed

---

[1] In his petition, the plaintiff indicates that the equipment at issue was a "Precor Icarian Fitness Smith machine[.]"

those judgments. This court affirmed the trial court's grants of the motions for summary judgment with regard to Fitness Partners' motion for summary judgment in *Nearhood v. Anytime Fitness-Kingsville*, 15-308 (La.App. 3 Cir. 11/4/15), 178 So.3d 623, *writ denied*, 16-211 (La. 4/15/16), ___ So.3d ___, and with regard to Precor's motion for summary judgment in *Nearhood v. Fitness Partners of Pineville, et al.*, 15-904 (La.App. 3 Cir. 2/10/16) (unpublished opinion), *writ denied*, 16-461 (La. 4/15/16), ___ So.3d ___.

Anytime Fitness also filed a motion for summary judgment on the basis that Anytime Fitness, as the franchisor, had no involvement in the day-to-day operations of Fitness Partners' franchise location and that Mr. Nearhood could therefore not meet his burden of proof at trial. Mr. Nearhood objected, asserting that Anytime Fitness exercised control over various aspects of Fitness Partners' operation of the franchise and that there had been inadequate time for discovery. After a hearing, the trial court granted Anytime Fitness' motion for summary judgment.

Mr. Nearhood appeals, asserting that the trial court erred in granting the motion for summary judgment.

**Discussion**

*Motions for Summary Judgment*

Summary judgment is favored in our law and is designed to "secure the just, speedy, and inexpensive determination of every action," and "shall be construed to accomplish those ends." La.Code Civ.P. art. 966(A)(2).[2] A motion for summary judgment shall be granted after adequate discovery "if the pleadings, depositions,

---

[2] We note that we use the version of Article 966 in effect on September 21, 2015, i.e. the date of the hearing. Article 966 has since been amended by 2015 La. Acts 422, effective January 1, 2016.

2

answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B)(2). Further, although the burden of proof remains with the moving party,

> if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

La.Code Civ.P. art. 966(C)(2). The appellate court reviews the trial court's judgment on a motion for summary judgment de novo, using the same criteria as the trial court to determine whether summary judgment is appropriate—whether there is a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. *Evans v. Bordelon*, 13-888 (La.App. 3 Cir. 3/19/14), 161 So.3d 674.

*Adequate Discovery*

The version of La.Code Civ.P. art. 966 in effect at the time of the hearing indicates that summary judgment is appropriate after "adequate discovery" has been completed. *See* La.Code Civ.P. art. 966(C)(1). However, that provision does not require that summary judgment be absolutely delayed until discovery is complete. *Madison v. State, Dep't of Pub. Safety & Corr.*, 14-1067 (La.App. 3 Cir. 5/6/15), 164 So.3d 381 (citing *Gunter v. Jefferson Davis Parish*, 11-1018 (La.App. 3 Cir. 2/1/12), 84 So.3d 705), *writ denied*, 15-1117 (La. 9/18/15), 178 So.3d 147.

3

Where it appears that there are no genuine issues of material fact, summary judgment should not be delayed pending discovery, absent a showing of probable injustice by the party opposing the summary judgment. *Id.* Further, the appellate court reviews the trial court's determination with regard to this issue pursuant to an abuse of discretion standard. *Id.*

Here, the record indicates that suit in this matter was initially filed on October 22, 2013. Anytime Fitness' motion for summary judgment was filed on July 23, 2015, more than a year and a half after suit was filed. The record indicates that the issue of adequate discovery was very briefly addressed at the hearing on Anytime Fitness' motion for summary judgment. Mr. Nearhood asserted that Anytime Fitness did not file an answer until July of 2015, and that discovery might reveal "this is something orchestrated by Anytime Fitness." Anytime Fitness' attorney noted that Anytime Fitness filed an answer to Mr. Nearhood's initial petition and first amended petition with Fitness Partners and, when Mr. Nearhood filed his second amended petition, took the opportunity to "clean up the pleadings" by filing an answer to all of Mr. Nearhood's petitions at that time.

The record indicates that some discovery—such as Mr. Nearhood's deposition and inspection of the Smith machine at issue—had already been completed as of the hearing on Fitness Partners' motion for summary judgment held on November 17, 2014. We also note that, at the hearing on Fitness Partners' motion for summary judgment, the trial court advised Mr. Nearhood that, if he believed that adequate discovery had not been conducted, that the appropriate method to bring that issue to the court's attention was to file a motion to reset the court date. Our review of the record in this matter does not reveal that Mr.

Nearhood filed a motion to reset or continue the hearing on the present motion for summary judgment.

Given this information, we find no abuse of discretion in the trial court's determination that adequate discovery had been conducted. Mr. Nearhood's argument in this regard is without merit.

*Liability as Franchisor*

The remaining arguments asserted by Mr. Nearhood concern the merits of Anytime Fitness' motion for summary judgment. Mr. Nearhood contends that the trial court erred in determining that Anytime Fitness was not liable as the franchisor of Fitness Partners' franchise location.

In his pleadings, Mr. Nearhood asserts that Anytime Fitness is liable for his damages under theories of strict liability and general negligence "because of maintaining . . . with their franchisee [a] dangerous and defective instrumentality." Mr. Nearhood contends that Anytime Fitness should have ensured that its franchisee was taking various steps in order to protect its franchisee's customers, and that it assumed responsibility because the electronic key system used by Anytime Fitness' franchisees ensured "almost universal gym access[.]" In order to prevail on that claim, he must prove:

> (1) that the thing which caused the damage was in the defendant's custody or control, (2) that it had a vice or defect that presented an unreasonable risk of harm, (3) that the defendant knew or should have known of the vice or defect, (4) that the damage could have been prevented by the exercise of reasonable care, and (5) that the defendant failed to exercise such reasonable care.

*Riggs v. Opelousas Gen. Hosp. Trust Auth.*, 08-591, p. 4 (La.App. 3 Cir. 11/5/08), 997 So.2d 814, 817.

5

Similarly, as noted in *Taylor v. Holiday Inn, Inc.*, 595 So.2d 735 (La.App. 5 Cir. 1992), in order for a claimant to succeed on a premises liability action, the claimant must establish that the defendant had custody of the defective premises. In determining whether a defendant has care, custody, and control (garde) of a thing, "courts should consider (1) whether the person bears such a relationship as to have the right of direction and control over the thing; and (2) what, if any, kind of benefit the person derives from the thing." *Dupree v. City of New Orleans*, 99-3651, p. 8 (La. 8/31/00), 765 So.2d 1002, 1009. Where a franchisor does not exert day-to-day control over its franchisee's management procedures, our courts have found that the franchisor did not have custody or garde of the alleged defective premises. *See Espinosa v. Accor North America, Inc.*, 14-1276 (La.App. 4 Cir. 7/8/15), 174 So.3d 123; *Chambers-Johnson v. Applebee's Restaurant*, 12-98 (La.App. 5 Cir. 9/11/12), 101 So.3d 473; *Taylor*, 595 So.2d 735.

In its motion for summary judgment, Anytime Fitness contended that, although it required that Fitness Partners purchase its equipment from a designated list of vendors, it did not specify which equipment Fitness Partners had to purchase specifically and that it had no day-to-day control over the operations of Fitness Partners' franchise location. In support of this contention, Anytime Fitness submitted the affidavit of Jennifer Yiangou, the Vice-President of Operations for Anytime Fitness. Ms. Yiangou indicated therein that:

> Like all other ANYTIME FITNESS® franchised fitness centers, Fitness Partners' ANYTIME FITNESS® Center is independently owned and operated, and AF has no right to control the day-to-day operations. Fitness Partners is solely responsible for the manner and the means of its day-to-day operations including the hiring, scheduling, supervision and discipline of employees, managing its expenses, payroll, and accounting.

6

Anytime Fitness also submitted a copy of the franchise agreement between it and Fitness Partners. Anytime Fitness pointed specifically to provisions noting that Fitness Partners "will at all times be responsible for the conduct of the day-to-day operation of [its] Anytime Fitness Center and for the terms of employment for [its] employees" and "that the mandatory standards, specifications and policies we establish are not aimed at the day-to-day operation of [Fitness Partners'] business, which will solely be within [Fitness Partners'] control, but are merely intended to preserve the goodwill of the System and Marks." Ms. Yiangou's affidavit also indicated that "[o]ther than providing its franchisees access to designated vendor lists on [Anytime Fitness'] internet dashboard, [Anytime Fitness] does not mandate or control the type of fitness equipment purchased or used by its franchisees."

Here, Anytime Fitness established that it did not have day-to-day control over its franchisee's management procedures nor did it require its franchisee to purchase the specific equipment at issue in this matter. Thus, the burden of proof pursuant to La.Code Civ.P. art. 966(C)(2) shifted to Mr. Nearhood to "produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial[.]" Our review of the record reveals that Mr. Nearhood did not submit any evidence sufficient to show that Anytime Fitness had any control over the day-to-day procedures of its franchise.

Mr. Nearhood also argues that Anytime Fitness could have required that Fitness Partners take certain steps that may have resulted in the accident being avoided. The Franchise Agreement submitted into evidence requires that "[a]ll equipment will be kept in good working order and will meet our quality standards." However, the remedies provided for in Section 14 of Franchise Agreement are limited to notice with an opportunity to cure and termination of the

7

agreement. We note that in *Taylor*, 595 So.2d 735, the fifth circuit considered this type of recourse as an indication that the franchisor did not have day-to-day control over the franchisee's premises.

Accordingly, we conclude that Mr. Nearhood did not meet his burden of proof as required by La.Code Civ.P. art. 966(C)(2) and that summary judgment in favor of Anytime Fitness was appropriate. Mr. Nearhood's arguments in this regard are without merit.

## DECREE

For the foregoing reasons, the trial court's judgment granting the motion for summary judgment filed by the defendant, Anytime Fitness, Inc., is affirmed. Costs of this appeal are assessed to the plaintiff, Thomas Nearhood.

**AFFIRMED.**